Nov. Term,
1858.

CLINE
v.
CRUMP.

————— • • • ————— · ·

CLINE *v.* CRUMP and Others.

In a suit upon judgments taken by confession, for a *bona fide* debt, the defendant cannot set up, as fraud in obtaining the judgments, that the plaintiff had failed to perform his part of a contract which was entered into by him as an inducement to such confession.

*Cline* v. *Murrell et al.*, 9 Ind. R. 516, overruled.

| 11 | 125 |
| 154 | 379 |

APPEAL from the *Hendricks* Court of Common Pleas.

Wednesday,
November 24.

HANNA, J.—This was a suit upon three several judgments, which had been entered, upon confession, by a justice of the peace.

There is a single paragraph in the answer, to which a demurrer was sustained; and upon this ruling error is assigned.

The answer sets up, in effect, that *Cline* was indebted to the plaintiff in the amount of the judgments; that by agreement with them, he gave his notes so as to bring the sum within the jurisdiction of a justice of the peace, and confessed the judgments upon which suit is brought; that it was further agreed that the plaintiffs were to take the land of the defendant in satisfaction of said judgments, and were to pay certain liens thereon; and "that they would never trouble him any more" about said judgments; that he, relying upon, &c., did execute his notes and confess the judgments; but that the plaintiffs never paid off said liens, "and absolutely refuse to comply upon their part;" and, therefore, said judgments were obtained by "fraud, covin, and misrepresentation," and are void.

We think the demurrer was correctly sustained. It appears that *Cline* owed the plaintiffs; that he confessed judgments for the amount. There is no averment that he has paid those judgments; but that they were obtained by

Nov. Term, 1858.

fraud, in this, that the plaintiffs agreed to purchase certain land of *Cline*, which purchase should absorb these judgments and pay certain liens. If the contract in regard to the land was binding upon the plaintiffs, *Cline* is entitled to his remedy to enforce it or to recover his damages for a breach for the non-performance of it. If it was not binding, perhaps it is because of his own negligence in the manner of making or evidencing the contract. But we cannot believe that under the circumstances of this case, a failure, upon the part of the plaintiffs, to perform their part of the contract, or a misrepresentation as to an intention to perform it, would have the effect of avoiding the judgments confessed for a *bona fide* debt. *Hutton* v. *Denton*, 2 Ind. R. 644.—*Anderson* v. *Fry*, 6 *id.* 76.—*Dilling* v. *Murray*, *id.* 324.—*Zeigenhager* v. *Doe*, 1 *id.* 396.—*Doe* v. *Smith*, *id.* 451.—*Davis* v. *Lane*, 2 *id.* 548.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellant (1).

*J. M. Gregg*, for the appellees.

