## BLOCK v. VALLEY MUTUAL INSURANCE ASSOCIATION.

1. LIFE INSURANCE: *Right to, fixed by contract.*

   Whether a policy of life insurance be issued by a mutual benefit society created for benevolent purposes, or by a company the organization of which is financial and contemplates gain, the rights of one claiming insurance under it must be ascertained by the contract itself without regard to the character of the company to be made liable.

2. SAME: *Same: Assignment of policy.*

   A clause in a policy of life insurance providing that it "may be assigned, transferred, or set over, by and with the consent" of the company issuing it, authorizes an assignment by the beneficiary only, and not by the insured.

3. SAME: *Same.*

> A policy of insurance issued by a company organized as declared in its by-laws, "for the purpose of mutually associating together a number of individuals into an agreement whereby the survivors mutually contribute for the relief of the representatives, legal heirs, or assignees of those of their number whom death may strike down," and whereby the company undertakes to pay to a person named therein as a beneficiary a stipulated sum within ninety days after the death of the person to whom it is issued, upon condition that certain payments therein provided for are promptly made to the company on maturity, and providing that a failure to make any of such payments for thirty days after call, shall have the ·effect to cancel the contract, is an ordinary insurance policy. And the party obtaining it has no power to change the beneficiary it names unless he is expressly authorized to do so by the policy itself, or by the company's articles of association or by-laws, where these are by the terms of the policy made a part of it.

APPEAL from *Cross* Circuit Court.

J. E. RIDDICK, Judge.

*Sanders & Watkins* and *J. D. Block,* for appellants.

The association is a mutual benefit society, and the laws governing ordinary life insurance policies do not apply. The distinction is this: In regular insurance the party named as beneficiary takes a vested interest in the policy from date of the contract, and no one except the beneficiary can assign it. Whereas, in a benefit certificate the party to whom the fund is directed to be paid, has no interest or estate in it until the death of the member, and the direction is contingent and testamentary according to the rules of the association and the will of the member. *Bacon on Benefit Societies, sec. 306 et seq.; Niblack on Mut. Ben. Soc., secs. 171, 193, 194, 196, 201, 204; 31 Fed. Rep., 177; 74 Ga., 669; 38 N. W. Rep., 1; 3 Mackey, D. C., 68; 30 Fed. R., 117; 28 Minn., 447; 11 Alt. Rep., 84; 11 N. E. Rep., 449; 18 ib., 657; 63 N. H., 535; 18 N. E. Rep., 657; 11 id., 331.*

This was not a contract with the beneficiaries, but with the *member* and *his* assigns. See article 1 of by-laws. *144 Mass., 589; 142 id., 224; 106 Ind., 593.* The charter and by-laws are a part of the contract. They must be read as part

Block v. Valley Mutual Insurance Association.

of it, and together, and if the certificate is contrary to the charter and by-laws, it must yield. *82 Ky., 350; 60 Tex., 535; 42 Ohio St., 579; 43 id., 4; 102 Ind., 262.* The first beneficiary holds no vested right in the benefit fund, and the new appointment must govern. *111 Ind., 125,* and cases *supra. 1 Sugden on Powers, p. 288; 17 Alt. Rep., 57; 21 N. E. Rep., 1074; 15 Alt. Rep., 125; 28 Minn., 449; 63 N. H., 535; Bacon, sec. 306.*

*N. W. Norton,* for appellees.

The contract in this case was an ordinary insurance policy, and gave a vested estate and interest in the beneficiaries from the date of the policy. *Bacon Ben. Soc., sec. 304; 17 Alt. Rep., 419; Bliss Life Ins., secs. 339, 348; Bacon, 292–3.* Under article 1, by-laws, the policy was payable to Guthrie's wife and children, and they alone could assign their vested interest. *Supra.*

2. A *firm* (Block Bros. & Co.) cannot be a "relative" or "dependent," and had no insurable interest in Guthrie's life, and the same objections lie to an assignment without interest. *Bacon, secs. 302, 454.*

3. The consent of the association to the transfer was not obtained. Notifying the association afterwards was not sufficient.

HEMINGWAY, J. One Charles B. Guthrie obtained a policy of insurance upon his life from the Valley Mutual Insurance Company. It undertook, upon the conditions therein named, to pay to Mrs. Martha A. Guthrie, James M. Harvey and Alice Guthrie, $1000 within ninety days after proof of the death of Charles B. Subsequently Charles B. and Mrs. Martha A. Guthrie assigned the policy to the plaintiffs, who thereafter paid all dues and premiums as they matured, according to its terms. Upon the death of the said Charles B. the plaintiffs claimed the amount due upon the policy by virtue of the assignment, and the beneficiaries therein named by virtue of the provisions of the policy.

The court found that the plaintiffs acquired, by the assignment, the interest of Martha A. Guthrie, and no more. That they were entitled to recover her interest in the fund and three-fourths of what they had advanced in keeping the policy alive, while James M., Harvey and Alice Guthrie were entitled to recover the balance. Judgment was rendered accordingly.

As grounds for reversal the appellants urge:

First—That the insurance company is not a regular insurance company, but a mutual benefit company.

Second—That the policy of an insurance company differs from the certificate of a mutual benefit company in this, that the rights of the beneficiary in the one are vested upon the issuance of the policy, while those rights in the other are subject to be divested at any time until the death of the insured, by the substitution of another beneficiary.

The record contains no part of the company's charter or articles of association, and but one clause of its by-laws. It is as follows:

" The object of this association shall be for the purpose of mutually associating together a number of individuals into an agreement, whereby the survivors mutually contribute for the relief of the representatives, legal heirs or assignees of those of their number whom death may strike down."

The policy sued on contains no reference to any other purpose than one of insurance, and provides the ordinary safe-guards against the acceptance of bad risks, as well as against the continuance of risks accepted, unless the stipulated payments upon it are promptly made as they mature. These payments include "annual dues" and "mortality assessments," and a failure to pay either for thirty days after call, effects a cancellation of the policy. It contains this clause, upon which appellant relies especially:

" This certificate may be assigned, transferred, or set over by and with the consent of the association, granted by its president or secretary."

The record discloses nothing further as to the character of the company. Upon this the learned counsel for appellants say, that they assume that it will be conceded to be a mutual benefit society. What feature is disclosed that does not belong to a mutual insurance company? The first by-law, in making a general declaration of its purpose, declares that it is to afford relief; but also declares that the relief will be given to "the representatives, legal heirs or assigns of those of their number whom death may strike down," and this is exactly what insurance companies are required to do. Yet this is not benevolence, for it is undertaken for a stipulated profit, the continued payment of which is a continuing condition to its existence. If any other character of benevolence was contemplated by the company the record does not disclose it. Certain it is, that the policy exhibited contains no intimation of its existence.

We have no statute distinguishing between insurance companies and benefit companies with insurance features. Such statutes have been enacted in other States; they define the properties of the latter that entitle them to privileges or exemptions not accorded the former. The distinguishing feature generally is, that they contemplate gain, while these contemplate benevolence only. Within the scope of their benevolence is included, with many fraternal objects, the providing of a fund to be paid upon the death of members, in which this is regarded as but an incident of the main object. Subjected to the tests made in those States, we have found no decision which leads us to think that the contract sued upon would be viewed in any other light anywhere than as an ordinary insurance policy. It exactly fits the definition of an insurance policy, as made by Mr. Justice Gray, which has been generally adopted as correct. *Commonwealth v. Weatherbee, 105 Mass., 160; Niblack Mut. Ben. Societies, sec. 163.*

It is said that the character of the benefit association is dual: First, fraternal; second and incidentally, financial. *Bacon Benefit Societies, sec. 283.* If the incident be eliminated

from the case at bar there is nothing left. That stamps it an ordinary insurance policy. *State ex rel. Graham et al. v. Miller et al.*, *66 Ia.*, *26; State v. Citizens Benefit Assn.*, *6 Mo. Ap.*, *163; Farmer v. State ex rel. Carruthers*, *7 S. W. Rep.*, *220; People ex rel, Blossom v. Nelson*, *46 N. Y.*, *477.*

**1. INSURANCE:**
**Right to fix by contract.**

Moreover, we have found no case which recognizes any distinction between the mutual insurance and the mutual benefit society, except in States where the statute makes a difference. But regardless of the character of the company, the rights of persons claiming insurance arise out of and depend upon contract, and must be ascertained and fixed by contract. Although the object of the company in entering into the contract may be benevolent, this purpose can import no new meaning to the unambiguous terms of a writing.

When the courts are invoked, the contract measures the rights of one and the obligation of the other party, and relief must be granted, if at all, according to its terms. *Niblack on Mut. Ben. Societies, secs. 163 to 165; Bacon on Benefit Societies, sec. 304; Holland v. Taylor, 11 Ind., 125.*

**2. SAME.**
**Assignment of policy.**

That the member of a mutual benefit society may change the beneficiary named in the certificate has been frequently held; not, however, because of the character of the society, but because of the stipulation contained in the certificate expressly authorizing it. In most cases such certificates as have been the subject of judicial discussion, contained express stipulation that the beneficiary named might be changed; in others the articles of association or by-laws contain such provisions and are by the terms of the policy made a part of it. The effect in each case is the same.

**3. SAME:**
**Same.**

If such a purpose was entertained in making the contract sued upon it does not appear. The clause set out provides that the policy may be assigned. This does not mean that another beneficiary may be substituted by the insured, for substitution and assignment are quite different things; it simply intends that the beneficiary may assign his interest. The in-

sured had no interest to assign. That was vested in the parties named. *Bliss Life Ins., sec. 318; Bacon Ben. Soc., sec. 392.* He had no power of substitution, because none is reserved in the contract, or in the charter or by-laws of the association, incorporated into the policy.

The learnred counsel have shown very commendable industry in examining authorities, and equal skill in presenting them. We have carefully examined every case cited, and very many to which we have found reference elsewhere. The result is that we are satisfied that the judgment of the Circuit Court is correct, and it is affirmed.