GRAND CAMP OF COLORED WOODMEN OF ARKANSAS *v.*
JOHNSON.

Opinion delivered October 20, 1913.

PLEADING—SUFFICIENCY OF COMPLAINT IN SUIT ON SURETY BOND.—Plaintiff, the beneficiary of a policy of insurance, sued the sureties on the bond of the insurance company. The bond was "conditioned for the prompt payment of all moneys coming into the hands of its officers, to which beneficiaries are entitled." The complaint alleged "that said company has failed and refused, after repeated demands, to pay said claim, except a partial payment of $25; that there is now due and unpaid to this plaintiff, the beneficiary named in said contract, the sum of $300," which was the only allegation of the complaint as to a breach of the bond sued on. On demurrer, the complaint was held bad, because no breach of the condition of the bond was assigned.

Appeal from Woodruff Circuit Court, Northern District; *J. S. Thomas*, Special Judge; reversed.

*Scipio A. Jones* and *Carmichael, Brooks, Powers & Rector*, for appellant.

1. The liability, if any, accruing under the policy, existed prior to the execution of the bond sued upon, and the bondsmen, therefore, could not be liable for its non-

payment.   76 Ark. 410; 91 Ark. 43; 97 Ark. 549; 42 Ark. 392.

2.   The bond, upon which the individual appellants are liable as sureties, was conditioned for the prompt payment of all moneys coming into the hands of the officers of the Grand Lodge, and was not an agreement upon the part of the sureties to guarantee the payment of any liability accruing under the policy.   89 Ark. 378.

*Harry M. Woods,* for appellee.

1.   In arriving at the liability of the sureties, it is not the time of the loss which is conclusive, but the time of the receipt of or failure to pay over the funds belonging to beneficiaries.   The bond was executed pursuant to section 4354 of Kirby's Digest, which section must be read into the bond.   97 Ark. 549.

2.   It was not necessary for the complaint to specifically allege that "the officers of the society have misappropriated or misapplied its funds."   It did allege that the defendant was a fraternal company doing business under the laws of Arkansas; that individual appellants were upon its bond; that it had partially paid the policy, and that it had "failed and refused, after repeated demands, to pay said claim."   The individual appellants were properly joined as defendants in the complaint.   Kirby's Dig., § 4376; 87 Ark. 72-78; 101 Ark. 514; 100 Ark. 9.

It may be a good defense to sureties on bonds of this character that the principal did not receive or fail to pay over funds which came to hand, but a demurrer to this complaint will not be sustained because it fails to negative that defense.   If the complaint was inaccurate, indefinite, etc., the demurrer did not reach the error complained of.   90 Ark. 158; *Id.* 480; 95 Ark. 250; 87 Ark. 424; 87 Ark. 136; 77 Ark. 1; 94 Ark. 434.   Every intendment will be indulged in support of the pleadings. 96 Ark. 163-166; 93 Ark. 371.

HART, J.   This is an action on a life insurance policy.   Jane Johnson was a member of the Grand Camp of Colored Woodmen of Arkansas, a fraternal insurance

company doing business under the laws of the State. She had a policy of insurance in the sum of $325, and Fed Johnson was the beneficiary named in the policy. Jane Johnson died in Woodruff County, Arkansas, on July 2, 1911. Fed Johnson instituted this action against the fraternal insurance company and the sureties on its bond. The company executed a bond in compliance with section 4354 of Kirby's Digest, and it is "conditioned for the prompt payment of all moneys coming into the hands of its officers to which beneficiaries are entitled." The language quoted is the exact language of both the bond and the statute. The defendants in the action, who were sureties on the bond of the company, interposed a demurrer to the complaint. The court overruled the demurrer and the sureties elected to stand upon their demurrer. Thereupon, the court rendered judgment against each of them for the amount sued for. The case is here on appeal.

The complaint alleges "that said company has failed and refused, after repeated demands, to pay said claim, except a partial payment of twenty-five dollars; that there is now due and unpaid to this plaintiff the beneficiary named in said contract, the sum of three hundred dollars." This is the only paragraph of the complaint which attempts to allege a breach of the bond sued on. The liabilities of the sureties on the bond is fixed by the terms of the bond itself. *American Insurance Co.* v. *Haynie,* 91 Ark. 43; *Ingle* v. *Batesville Grocery Co.,* 89 Ark. 378. Hence, it will be seen that the plaintiff's right to recover from the sureties on the bond depends upon a breach of its condition; and the injuries resulting from the nonperformance of a bond do not appear until a breach thereof is assigned. See *Euper* v. *State,* 85 Ark. 223. Where a complaint is assailed by general demurrer, the question is whether it entitles plaintiff to any relief. A consideration of the paragraph of the complaint above set out leads us to the conclusion that no breach of the conditions of the bond is assigned. As above stated, the bond was executed in compliance with

the provisions of section 4354 of Kirby's Digest, and the
condition of the bond is in the language of the statute.
It is conditioned for the prompt payment of all moneys
coming into the hands of the officers of the company to
which beneficiaries under a policy of insurance are enti-
tled. No breach of the condition of the bond was as-
signed in plaintiff's complaint, and, for this reason, the
court should have sustained the demurrer of the sureties
on the bond. For the error in not doing so, the judg-
ment will be reversed, and the case remanded for a
new trial.