MEISENHEIMER v. STATE.

Opinion delivered December 24, 1904.

1. JURY.—SUMMONING BYSTANDERS—WAIVER OF IRREGULARITY.—Where, in a criminal trial, after the regular panel of the petit jury was exhausted, defendant objected to proceeding with the further selection of the jury until twice the number necessary to complete the jury were summoned from the bystanders, the objection was waived if no exception was saved to the court's ruling. (Page 409.)

2. EVIDENCE—PREJUDICE.—The admission of incompetent evidence is not prejudicial if the point testified to is already admitted. (Page 409.)

3. SAME—STATEMENT OF DEFENDANT AS PART OF RES GESTAE.—Where defendant offered to prove by an alleged accomplice what defendant said at the time the offense was charged to have been committed, without showing to the court what it was he desired to prove, the evidence was properly excluded. (Page 409.)

4. SAME—EXTRAJUDICIAL CONFESSION.—A confession of a defendant, not made in open court, is admissible as tending, though insufficient of itself, to prove the *corpus delicti,* as well as the connection of the defendant with the crime. (Page 410.)

5. RAPE—INSTRUCTION AS TO FAILURE TO MAKE OUTCRY.—It was not error to refuse to instruct the jury as to the effect of a failure of the woman alleged to have been raped to make outcry, if her nearest neighbor lived a quarter of a mile distant, and the State's theory was that the crime was committed through putting the woman in terror. (Page 412.)

Appeal from Yell Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*Priddy & Chambers,* for appellant.

The court erred in refusing to have the sheriff summon twice the number of jurors to fill the panel. Sand. & H. Dig. § 2194. The testimony of John Jones was incompetent. 65 Ark. 482; 67 Ark. 281; Sand. & H. Dig. § 2916. Statements made to alleged accomplices should have been admitted as part of the *res gestae.* 43 Ark. 103, 289; 65 Ark. 261; 8 Wall. 397; 18 Ga. 635; 66 Ark. 501; 1 Greenleaf, Ev. 108. The testimony of D. S. Mann was incompetent. 43 Ark. 367; 1 Greenleaf, Ev. 217; 32 So. 818; 33 So. 1009; 76 Ala. 42; 34 Fla. 575; 4 Minn. 368; 1 Mo. App. 86; 6 Am. & Eng. Enc. 569. It was error to refuse instruction No. 9, asked by appellant. 23 Am. & Eng. Enc. (2d Ed.) 862; 135 Cal. 135; 77 Ga. 705; 71 Ind. 49; 100 Mo. 525. In a charge of rape if the victim yields her consent to any part of the act, there is no opposing will. 52 S. W. 6; 58 Ala. 376; 53 Cal. 62; 110 Ga. 150. The court erred in refusing to give instruction No. 13. Sand. & H. Dig. § 2231; 43 Ark. 367; 32 So. Rep. 818. No charge of an assault with intent to commit rape should have been given. 42 Ark. 52; 23 Ark. 287; 49 Ark. 543; 54 Ark. 336. The statements of the prosecuting attorney in his closing argument were highly prejudicial. 156 U. S. 361; 40 Ark. 130; 58 Ark. 361; 26 S. W. 996; 58 N. W. 1009; 23 S. W. 298; 63 S. W. 174; 42 S. E. 74; 28 S. W. 742; 65 Ark. 475. The court's statements to the jury upon their failure to reach a verdict were improper. 58 Ark. 277; 7 N. Y. 184; 30 S. W. 170; 35 S. W. 1080; 71 S. W. 1098; 14 S. W. 538. The testimony of Dr. Mitchell was incompetent. 1 Greenleaf, Ev. § 440; 97 N. Y. 511. The exclusion of the testimony of Richard Hood was error. 15 Ark. 624.

*George W. Murphy, Attorney General,* for State.

The testimony of witnesses Jones and Mann was proper. 1 Greenleaf, Ev. § § 217, 375; 70 Ark. 272; 43 Ark. 367. Complete proof of the *corpus delicti,* as a prerequisite to the admission of a confession, or independently of it, is not required. Clark's Cr. Pro. § 214; 63 Ark. 457; 32 Ark. 704; 15 Wend. 147; 14 So. Rep. 868; 98 Ill. 261; 73 Mo. 695; 103 N. Y. 182; Underhill, Ev.

125; 1 Greenleaf, Ev. § § 169, 170, 213. The court properly declared the law as to the crime of rape. 1 McClain, Cr. L. § 448; Clark's Cr. L. § 82; Underhill, Cr. Ev. § 407; 63 Ark. 470; 32 Ark. 704; 51 Ark. 167; 45 Ark. 464. The court's statements to the jury upon their failure to reach a verdict was not error. 58 Ark. 277; 8 Cush. 1. The testimony of Dr. Mitchell was competent. 1 Greenleaf, Ev. § 440; Underhill, Cr. Ev. § 412.

HILL, C. J. Charlie Meisenheimer was indicted for rape, and convicted of assault with intent to commit rape; the jury left the punishment to the court, who fixed it at fifteen years in the penitentiary.

1. It is alleged that the court erred in the selection of the jury in failing to instruct the sheriff to summons, after the panel was exhausted, twice the requisite number to complete the jury, as required by section 2194, Sandels & Hill's Digest. The record shows the panel consisted of less than twenty-four jurors, and the defendant agreed to proceed with less than a full panel, and waived the drawing of the jury. One juror was selected from the regular panel, and, it then being exhausted, the court ordered bystanders summoned. Fifteen bystanders were placed in the box, and the defendant then objected to proceeding with the further selection of the jury until twice the number required to complete the jury were in the box. The court overruled the objection, and the selection of the jury proceeded. No exception was taken to the ruling. An objection precedes an exception. The objection calls for a ruling by the trial court, and the exception directs attention to and fastens the objection for a review on appeal. If a party does not follow the ruling on his objection by clinching it with an exception, he waives the objection. Elliott on App. Proc. § 769. This was a clear waiver of the objection here, and amounted to a consent to further select the jury as previously agreed to, instead of strictly complying with the statute.

2. Objection was taken to the testimony of John Jones, due to his alleged incompetency. As the point testified to by him had already been admitted to be true by the defendant, no possible harm could have resulted, even if the witness was incompetent.

3. In the cross examination of one of the alleged accomplices of the defendant, the defendant's counsel asked him what

the defendant said when he came out of the house at the time of the alleged rape. This was objected to by the State, the objection sustained, and exceptions noted. It is insisted here that defendant was entitled to have this evidence a part of the *res gestae*. The question was entirely too broad to admit the answer in that form. It might have called forth a wholly irrelevant matter totally inadmissible. The defendant, when the court ruled out the answer to this question, should have specifically offered to prove by the witness a certain fact, thus showing its competency as part of the *res gestae*. This would have been "laying his finger" upon the point, which must necessarily be done in order to obtain a hearing on it here. *Vaughan* v. *State*, 58 Ark. 353.

4. The next objection is to the testimony of Mann relating a confession of the defendant. In the evidence, and also in the instructions given and refused, this point is preserved. The court refused defendant's instruction No. 5, and gave of its own motion No. 1, which will be set out by the Reporter.* It is insisted that an extra-judicial confession cannot be considered to prove that a crime has been committed, and its only office is to connect the defendant with the crime, otherwise established. The court told the jury that such confession, alone, would not be sufficient to prove the crime, but it could be considered, with other circumstances, if any, tending to show that the crime in fact was committed. Section 2231, Sandels & Hill's Digest, reads as follows: "A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed." The authorities sustain the proposition that a confession may be considered as evidence tending, but insufficient of itself, to prove the *corpus delicti,* as well as the connection of the defendant with the crime. The New York statute is similar to the one under consideration, using the term

---

*NOTE.—Instruction No. 5, on the admissibility of extrajudicial confessions, asked by defendant, was as follows: "5. Statements made by defendant can only be considered by you if the other evidence in the case satisfies you beyond a reasonable doubt that May Lockhart was forcibly ravished by some one; that is, you cannot consider any statements of his to prove that a crime has been committed, but only [to] connect him with a crime already otherwise proved." The court refused to give this instruction, but on his own motion charged the jury on this subject as follows: "1. Statements made by defendant cannot be considered by you in determining whether the deceased was forcibly ravished; that is, such statements alone will not be sufficient to justify you in finding that deceased was ravished; but such statements may be considered by you, along with other circumstances, if there are such circumstances, tending to show that the crime was in fact committed."—(Rep.)

"additional proof" where this uses "other proof." The Court of Appeals says, after stating the same objection that is urged here: "But we are of opinion that when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a noncompliance with the requirement of the statute. The words of the statute, 'additional proof that the crime charged has been committed' seem to imply that the confession is to be treated as evidence of the *corpus delicti*; that is, not only of the subjective criminal act, but also the criminal agency of the defendant; in other words, as competent proof of the body of the crime, though insufficient without corroboration to warrant a conviction." *People* v. *Jaehne,* 103 N. Y. 182. In *People* v. *Badgley,* 16 Wend. 53, the court said: "Full proof of the body of the crime, the *corpus delicti,* independently of the confession, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient." In *People* v. *Deacons,* 109 N. Y. 374, the court said: "There must be some other evidence of the existence of the criminal fact to which the confession relates."

The statute in question was taken from the Kentucky Code, and the Court of Appeals said of it: "The manifest meaning of this provision is that, besides the proof of any confession a defendant may have made of his guilt, unless made in open court, there must, to warrant a conviction, be other evidence conducing to prove him guilty of the offense alleged, or, in other words, to show that such an offense had been committed, and not inconsistent with his guilt, and not merely some 'other testimony' which might have no tendency whatever to establish the charge." *Cunningham* v. *Com.* 9 Bush, 149.

There were ample circumstances here conducing to prove the guilt of appellant: the condition of the woman, the noises at the house, the condition of the house next morning, his flight and attempted escape after return, and other matters. Without his confession furnishing a key to these other facts and circumstances, they would, of themselves, be insufficient to convict, but with the facts otherwise proved the corroboration or "other proof" was abundant.

The proposition that the confession is evidence, but not sufficient *per se,* to prove the crime seems fully established. See *State* v. *Patterson,* 73 Mo. 695, and cases cited; Bishop's New, Criminal Procedure, § 1058, authorities in notes; Underhill on Criminal Evidence, § 147. These cases are in accord with *Bradley* v. *State,* 32 Ark. 704, and *Redd* v. *State,* 63 Ark. 457, although neither of these cases determine this exact point. There was no error on this phase of the case.

5. Error is alleged in not giving instruction No. 9 asked by defendant. The Reporter will set out that instruction.*

The house where the attempted rape occurred was a quarter of a mile distant from its nearest neighbor. According to the theory of the State, the woman was ravished by four men through putting her in terror and accentuating it with violence. According to the theory of the defense, the defendant was but a looker on at a carnival of beastly licentiousness. The instruction was abstract. Nothing in the evidence justified it being given.

6. The instructions given were in full accord with the decisions of this court, and covered every phase of the case which the appellant was entitled, under the evidence, to have presented to the jury.

7. Statements of the prosecuting attorney in the closing argument, conduct of the court in holding the jury together till a late hour and admonishing them to agree on a verdict, and other matters are assigned as errors. These have all been considered, and a majority of the court is of opinion that no one of them is prejudicial error, and that upon the whole case the judgment should be affirmed, and it is so ordered.

BATTLE, J., dissents.

---

*NOTE.—Instruction No. 9 asked by the defendant and refused by the court is as follows:

"9. If May Lockhart lived near enough to a neighbor's house to have been heard by an outcry or call for help, and made no such call, you may consider that in determining the guilt or innocence of the defendant."—(Rep.)