ASHFORD *v*. RICHARDSON.

Opinion delivered November 16, 1908.

ACTIONS—MISJOINDER.—It was not prejudicial error to permit an action for slander and one for malicious prosecution between the same parties to be joined, where they arose out of the same transaction; it being provided by Acts of 1905, p. 798, that when causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts, the court "may consolidate said causes when it appears reasonable to do so."

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Carter Richardson brought this suit in the Garland Circuit Court against Fred C. Ashford, and united in the same

complaint an alleged cause of action for slander with one for malicious prosecution.

The complaint alleges: "That on the 10th day of May, 1906, the defendant in a certain discourse which he then and there had with the plaintiff in the presence and hearing of Walter Flowers, Arthur Owens, Bob Jones and divers other good and worthy persons, falsely, slanderously and maliciously spoke of and concerning the plaintiff the false, slanderous, defamatory and malicious words following, to-wit: 'You God damned son of a bitch, you went and raped a woman, and I am going to have you sent to the penitentiary for it.' " That subsequently on the same day, but on a different occasion, in the presence of the said Bob Jones and of divers other worthy persons, the said defendant in a certain discourse then and there had with the said Bob Jones and divers other persons, then and there being, falsely, maliciously and slanderously spoke of and concerning the plaintiff the following false, slanderous, defamatory and malicious words, to-wit: 'I've got the two sons of bitches in jail now (meaning the said plaintiff and Arthur Owens), and I'm out, so you see what my money will do. I am going to have both of them (meaning thereby the said plaintiff and Arthur Owens) sent to the pen for raping that woman. Carter Richardson did rape her, and Arthur held the other woman while he did it.' That said language in its common acceptation then and there amounted to charging this plaintiff with having committed a felony, and to bring into disrepute the good name and character of plaintiff, and was then and there knowingly and maliciously false and slanderous. That by reason of the speaking, publishing and uttering of said false, slanderous and malicious words the plaintiff has been damaged in his reputation in the sum of five thousand dollars.

"That said plaintiff, for a further cause of action against said defendant, alleges: That the said defendant on the 10th day of May, 1906, in the city of Hot Springs, Garland County, State of Arkansas, falsely and maliciously and without reasonable or probable cause procured one Emma Henderson to charge the plaintiff before one J. W. Alford, a justice of the peace within and for Hot Springs Township in said county of Garland, State of Arkansas, with the crime of assault with intent

to commit rape, and procured the said justice to issue a warrant for the arrest of the said plaintiff on said charge, and thereupon the said plaintiff was arrested under said warrant and imprisoned for —— hours, and compelled to give bond in the sum of five hundred dollars to obtain his release. That on the —— day of May, 1906, at the trial of said cause the plaintiff was acquitted of said crime and discharged, and the said prosecution is wholly ended and determined. That said charge and arrest was published in several newspapers by the procurement of the defendant, and the plaintiff was grievously injured in his credit and reputation, and incurred an expense of $...... dollars in costs and counsel fee in defending himself. That by reason of said matters the plaintiff has been injured and damaged in the sum of five thousand dollars.

"Wherefore plaintiff prays judgment against said defendant in the sum of ten thousand dollars and other relief."

The defendant demurred to the complaint, and moved to require plaintiff to elect on which count he would proceed.

The court overruled his demurrer and motion, and he duly excepted. Defendant then, without waiving his demurrer, filed his answer, which was a denial of all the material allegations of the complaint. There was evidence adduced at the trial tending to establish both slander and malicious prosecution.

The jury returned the following verdict: "We, the jury, find for the plaintiff, Carter Richardson, on the first count, 'charge of slander,' and assess his damages on said count at $1," "and also we find for the plaintiff on the second count 'charge of malicious prosecution,' and assess his damages on said count at $200."

The court rendered judgment accordingly, and the defendant has duly prosecuted his appeal to this court.

*C. Floyd Huff* and *C. V. Teague*, for appellant.

The two causes of action can not be joined in the same complaint. An action for slander comes under the fifth class, and for malicious prosecution under the sixth class, enumerated in § 6079, Kirby's Digest. This is essentially an action for injury to person and property. Had it not been for the arrest of appellee and the injury to his person, no suit could have been maintained under the second count of the complaint. 8 L. R.

A. 47. That it is an action for injury to the person is shown by the elements of damages which go to make up the case. 1 Joyce on Dam. § 438; 2 Sedgewick on Dam. § 457; 32 Ark. 457; 73 Ark. 437; 95 Ind. 349, 358; 40 Wis. 107, 113; 81 Pa. 232; 4 Sutherland, Dam. § § 1237-1238; 12 Mod. Rep. 208; Gilbert's Case Law and Eq., 201; 80 S. W. 776. Malicious arrest and false imprisonment is an injury to the person, and can not be joined to an action for slander, which is an injury to character. 2 Duvall (K. Y.) 520; 151 N. Y. 186; 45 N. E. 455; 75 N. E. 535; 39 Pac. 56.

*Greaves & Martin,* for appellee.

The sole issue raised is whether or not an action for slander and for malicious prosecution may be joined. That they may properly be joined is supported by authorities to the effect that actions arising from injuries to character are usually brought for libel or slander; yet malicious prosecutions, while they affect property in the expense they cause, are chiefly injurious to the character of those who thereby suffer. 73 Ark. 437; 8 Abb. Prac. 3; 42 Barb. 543; 15 Ohio St. 173; 32 Wis. 106; 36 Mo. 202; 1 Enc. Pl. & Pr. 193; 1 Estee's Pleading, § § 1671, 1795. See also 3 Hun, (N. Y.) 606; 4 Yeates (Pa.) 427; 95 Tenn. 293; 92 Mich. 498.

HART, J., (after stating the facts). The sole issue raised by the appeal in this case is whether the actions for slander and for malicious prosecution may be joined in the same complaint.

Section 6079 of Kirby's Digest is as follows:

"Several causes of action may be united in the same complaint where each affects all of the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and all belong to one of the following classes:

"Fifth. Claims arising from injuries to character."

"Sixth. Claims arising from injuries to persons or property."

Counsel for appellant contend that the action for slander is included in the fifth class, and that the action for malicious prosecution belongs to the sixth class; and, hence under the section above quoted that the two actions can not be joined in the same complaint.

We do not deem it necessary to decide this question.

The act of May 11, 1905, provides "that when causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." Acts 1905, p. 798.

"The wrong of a malicious prosecution is akin to the wrongs known under the designation of slander and libel. Though it is injurious in that it is likely to subject the party to expense and trouble to make good his defense, it is also a most effective species of defamation, the defamatory matter being not only published, but made more formal, and apparently authoritative, by the machinery of the law being made use of for the purpose." Cooley on Torts, p. 225.

The court had jurisdiction of both causes of action, and, if no objection had been made, they could have proceeded to judgment in the same time. The causes of action were of a like nature. They arose out of the same transaction, and, if separate suits had been brought, the court could have consolidated the two actions. No exceptions were saved either to the introduction of testimony, or to the instructions of the court, nor is it claimed that the verdict is not sustained by the evidence. The verdict of the jury on the declaration for slander was only one dollar. Hence it is manifest that the action of the court in permitting the two causes of action to be united in the same complaint and to be tried together did not result in prejudice to appellant.

Section 6148, Kirby's Digest, provides that no judgment shall be reversed by reason of any error or defect which does not affect the substantial rights of the adverse party. This rule was applied in the case of *Mahoney* v. *Roberts,* 86 Ark. 130. The court said: "It was not a prejudicial error to join a cause of action for breach of contract with another for a tort where the same evidence was necessary to sustain both causes, as the two causes of action, if brought separately, might have been consolidated under the act of May 11th, 1905."

Finding no error in the record, the judgment is affirmed.