ARKANSAS MIDLAND RAILROAD COMPANY *v.* RAMBO.

Opinion delivered March 29, 1909.

1.  CARRIERS—DERAILMENT OF COACH—NEGLIGENCE.—Where there was no evidence to overcome the *prima facie* presumption arising from proof that a passenger was injured by derailment of the coach in which he was riding, the railroad company was negligent as matter of law. (Page 110.)

2.  INSTRUCTIONS—GENERAL OBJECTION.—Where a passenger was injured by the derailment of the coach in which he was riding, and there was no proof to rebut the presumption of negligence, a general objection to an instruction in effect making the railroad company liable is insufficient to point out that the instruction should have made an exception in case the passenger was negligent, especially where in another instruction the court told the jury that there could be no recovery by the passenger if he was negligent. (Page 111.)

3.  SAME—RELEVANCY TO EVIDENCE.—Instructions which were inappropriate to the facts in evidence were properly refused. (Page 112.)

4.  DAMAGES—EXCESSIVENESS.—Where the testimony shows that plaintiff was confined to his bed for three weeks, spit up a good deal of blood and suffered great pain, a verdict for $658 as damages will not be set aside as excessive. (Page 112.)

Appeal from Monroe Circuit Court, *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

This suit was brought by T. M. Rambo against the Arkansas Midland Railroad Company to recover damages for injuries sustained by him while a passenger on defendant's train and alleged to have been caused by the derailment of the train. The

railroad company denied negligence on its part, and pleaded con-
tributory negligence on the part of the plaintiff.

On the 29th day of February, 1908, the plaintiff became a
passenger on one of the defendant's trains running from Helena
to Clarendon, in the State of Arkansas. It was a mixed train,
having a passenger coach at the rear, a baggage car in front
of it and two freight cars in front of the baggage car. When
about 10 miles out from Helena, the two freight cars jumped
the track and were overturned. The cars ran along on the ties
about five car lengths after leaving the rails. The rear freight
car was loaded with lumber, and the wreck occurred while the
train was going down grade. The train conductor said that the
lumber was loaded to the roof of a box car, and that this made
the car top heavy, which caused it to swing or sway from side
to side. He said that was the only way he could account for the
wreck. Plaintiff's witnesses said that they examined the road-
bed after the wreck and found that some of the ties were broken,
and that the ends of them were rotten.

Plaintiff testified that he was sitting on the right hand side
of the coach looking out of the window, and attempted to rise up
to go to the water cooler to get some water; that just as he arose
the wreck occurred, and that he was pitched across the aisle and
knocked down; that he was confined to his bed as a result of his
injuries for about three weeks, and suffered great pain. On
cross examination he stated that he had not drunk any whisky
in the coach prior to the accident, and that he had not been
walking around in it.

The defendant adduced evidence tending to show that he
had been walking and standing in the coach sometime prior to the
accident, and that he had also taken some drinks of whisky.

The jury returned a verdict in favor of the plaintiff for
$658; and defendant has duly prosecuted an appeal to this court.

*E. B. Kinsworthy* and *Lewis Rhoton*, for appellant.

1. The second instruction given was practically a peremp-
tory instruction for appellee. It leaves but two things for them
to find, *i. e.*, whether he was a passenger, and whether he was
injured. These facts not being controverted, nothing was left for
the jury but to fix the amount to compensate him. The instruc-

tion was also erroneous in that it took from appellant the benefit of showing that it was not negligent, and of showing that appellee was guilty of contributory negligence.

2.    Where one becomes a passenger on a mixed train or freight train, he does so subject to the ordinary jolts and jars incident to the operation of such a train, and the jury should have been so instructed. 76 Ark. 523.

3.    If appellant was standing up, in disregard of a printed notice warning passengers against such actions, he was guilty of contributory negligence. 71 Ark. 590.

4.    The verdict was excessive.

*Manning & Emerson,* for appellant.

1.    Proof of the wreck and the injury made a *prima facie* case. The burden was on appellant to show that it was not negligent, and the second instruction was right. 57 Ark. 418; Kirby's Dig. § 6773. This instruction is not to be construed alone, but in connection with all the others given. The jury were properly instructed that the presumption of negligence might be removed by evidence showing that appellant was not negligent. Since there was no evidence of contributory negligence, appellant could not have been prejudiced by the instruction. 63 Ark. 491; 69 Ark. 380; 73 Ark. 548; 83 Ark. 217; 85 Ark. 589; 60 Ark. 550; 88 Ark. 12; 89 Ark. 9.

2.    There was no error in refusing instructions in reference to passengers on mixed or freight trains becoming such subject to the jolts and jars ordinarily incident to travel on such trains. The derailment of cars due to defective roadbed and improper loading of cars is not a risk assumed by a passenger. 89 Ark. 82.

3.    There is no proof that appellee was standing, but on the contrary that he was just in the act of getting up.

4.    The verdict was not excessive. 86 Ark. 587; 87 Ark. 109; 89 Ark. 9.

HART, J., (after stating the facts). Counsel for appellant assigns as error the action of the court in giving the following instruction:

"2.    If you believe from the evidence that plaintiff was injured while a passenger on the train of defendant, and that his

injuries were caused by the derailment of cars in the train resulting from the defective condition of the track, or defective equipments, or negligent operation or handling of the train, he would be entitled to recover in this action such sum as will compensate him for loss of time, expenses, and for the pain and suffering sustained by the plaintiff, as shown by the proof."

In the case of *Railway Company* v. *Mitchell*, 57 Ark. 418, the court said: "In an action against a railroad company for personal injuries, evidence that the coach in which plaintiff was riding as a passenger was derailed and overturned, and that plaintiff was injured thereby, is sufficient to cast upon the company the burden of proving that the injury was not caused by want of care on its part."

This rule has been recognized and followed ever since. *St. Louis, I. M. & S. Ry. Co.* v. *Fambro*, 88 Ark. 12, and cases cited.

The appellant made no effort to overcome this presumption of negligence. Hence, under the undisputed facts in the case, it was guilty of negligence.

It is claimed that the instruction permitted the appellee to recover if the jury should find the appellant guilty of negligence without containing any qualification in regard to the contributory negligence of appellee.

In the case of *Winter* v. *Bandel*, 30 Ark. 362, 376, the court criticised an instruction similar to the one here under consideration, and said that the habit, so common in this State, of stating a single proposition of correct law applicable to the case, but not involving all the law or facts involved, and concluding that on such partial proposition the jury may find for the plaintiff or defendant, as the case may be, is objectionable.

The judgment in that case was reversed, but the instruction criticised was not made a ground of reversal. This form of instruction has been frequently criticised, and it has been repeatedly held by this court that it is not error to refuse an instruction where such phraseology or its equivalent is used. The question now is, did any prejudice result to the appellant from the instruction? Contributory negligence is a defense, and the burden of proof in such case is upon the defendant. *Aluminum Co. of North America* v. *Ramsey*, 89 Ark. 522, and cases cited.

In this case the court recognized this to be the law, and gave to the jury an instruction prepared by counsel for appellant on the question of contributory negligence. It can not be doubted that, if his attention had been called to the fact that the qualification in this respect had been left out of the instruction now under discussion, the trial judge would have corrected it. No such request was made, and only a formal general objection was made to the instruction. We think it was the duty of counsel to have made a specific objection. The court had told the jury if they found from the evidence that appellee was guilty of contributory negligence he could not recover. This meant if they found that fact from all the evidence. We think the omission complained of was a defect in form and should have been met by a specific objection, calling the court's attention to the omission and asking that it be corrected. Such is the effect of the following decisions, which are directly in point: *Little Rock & H. S. W. Rd. Co.* v. *McQueeney,* 78 Ark. 22; *St. Louis Southwestern Ry. Co.* v. *Graham,* 83 Ark. 61; *St. Louis, I. M. & S. Ry. Co.* v. *Puckett,* 88 Ark. 204.

Counsel for appellant also complain that the court refused to give appropriate instructions in regard to the ordinary jars and jolts incident to the operation of freight trains. There was no error in this. Such instructions had no application to the facts in the record. The undisputed evidence shows that some of the cars ran off the track, and that the jolt was occasioned by the derailment of the cars, and not by the stoppage of the train in the usual course of its operation by the employees of appellant.

We can not say that the verdict was excessive. According to the statement of appellee, which the jury had a right to believe, he was confined to his bed for three weeks, spit up a good deal of blood, and suffered great pain.

Finding no prejudicial error in the record, the judgment is affirmed.