AMERICAN INSURANCE COMPANY *v.* HAYNIE.

Opinion delivered June 7, 1909.

1. FIRE INSURANCE—FAILURE TO FURNISH PROOF OF LOSS—FORFEITURE.—
   Failure of the assured to present proof of his loss within the time
   prescribed by the terms of the policy works a forfeiture of his right
   to claim anything under the policy. (Page 47.)

2. APPEAL AND ERROR—EXCEPTION—WAIVER.—An objection to an instruc-
   tion given by the court is waived by failure to except to it. (Page 47.)

3. INSTRUCTION—EXCLUSION OF ISSUE.—It was not error to refuse to give
   an instruction which excluded one of the issues in the case. (Page 48.)

4. FIRE INSURANCE—PROOF OF LOSS—WAIVER.—Where the insured in good
   faith furnished an incomplete proof of loss by fire, and the insurance
   company accepted such proof without objection, its silence will be
   held to be evidence of a waiver of any defects in such proof.
   (Page 48.)

5. INSTRUCTION—EXCLUSION OF ISSUE.—It is not error to refuse to give an
   instruction which, though otherwise containing a correct statement of
   the law, is obnoxious in presenting the theory of one party to the ex-
   clusion of that of his adversary. (Page 50.)

6. SAME—NECESSITY OF REQUEST.—A party cannot complain of the court's
   failure to give a specific instruction upon a certain subject if he failed
   to ask a correct instruction on such subject. (Page 50.)

7. FIRE INSURANCE—LIABILITY OF SURETIES.—The liability of sureties of
   insurance companies under the act of April 24, 1905, is that the com-
   pany shall promptly pay all claims arising and accruing to any person
   or persons during the term of their bond, regardless of whether the
   policies under which such claims arise were issued during the life of
   the bond or not. (Page 50.)

8. ACTIONS—MISJOINDER—PREJUDICE.—If it was error to permit an action
   against an insurance company and one against the sureties upon its
   statutory bond to be joined, such error was harmless where the two
   causes of action grew out of the same facts, and therefore could have
   been consolidated under Acts 1905, p. 798. (Page 51.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge;
affirmed.

### STATEMENT OF THE COURT.

On the 15th day of October, 1906, the American In-
surance Company, in consideration of the sum of eighteen dol-
lars, insured L. B. Haynie for the term of 3 years against loss by
fire, for $450, on a dwelling house in the town of Bodcaw in
Nevada County, Arkansas; for $100 on his household and kitchen

furniture and $50 on an organ, contained in his said dwelling house.

On the 29th day of October, 1907, the building with most of its contents was destroyed by fire. This suit was brought by Haynie against the insurance company and the sureties on its bond in the Nevada Circuit Court to recover the loss.

The insurance company answered, admitting the issuance of the policy and the destruction of the property by fire, but denied that the insured notified the company of his loss, or that he filed a proof of loss within 30 days in conformity with the require-ments of the policy. It admitted that on May 7, 1907, a bond for $15,000 was filed by it in the office of the Auditor of State in com-pliance with Act. No. 192 of the General Assembly of the State of Arkansas of 1905; but denied that its said sureties are liable on the claim sued on, and "alleges the facts and truth to be that the policy sued on herein was issued and delivered to plaintiff on or about the 15th day of October, 1906, and that said bond alleged to have been made on the 7th day of May, 1907, by defendant and said sureties, was not in existence or in force at the time said policy was issued."

The sureties on the bond first filed a plea in abatement, but by permission of the court withdrew it, and adopted as their answer the answer of the insurance company. All parties then announced ready for trial, and the case was tried before a jury.

L. B. Haynie testified that he was the holder of the policy sued on, and that the fire occurred on the 29th day of October, 1907. That the morning after the fire he asked one Isham Mack to notify the insurance company of the fire, and pursuant to his request Mack wrote and mailed to the company the following letter:

"Bodcaw, Ark., 10, 30, '07.

"American Insurance Co.,
    "Little Rock, Ark.

"Gentlemen:

"By request of L. B. Haynie of this place, who holds policy No. 14081 in your company covering his Dwg. & H. H. goods, I write to inform you that his house and most of the contents was destroyed by fire last night. Please send the adjuster for your company and oblige.    "Yours respectfully,

"I. H. MACK."

That within 30 days after the fire occurred, intending to comply with the requirements of the policy, he made out and swore to the following paper:

### ARTICLES BURNT.

| | |
|---|---:|
| 15 Quilts | $ 37.50 |
| 4 Cotton Mattresses | 12.00 |
| 10 Chairs | 5.00 |
| 1 Chair, Rocker | 2.00 |
| 1 Bureau | 7.50 |
| 1 Safe | 2.50 |
| Dishes and Glassware | 12.00 |
| 1 Cook Stove | 7.50 |
| 4 Tables | 4.00 |
| 1 Book Case and Books | 5.00 |
| 3 Bedsteads | 12.00 |
| 1 Set Bed Springs | 2.00 |
| 6 Pictures enlarged | 16.00 |
| Mechanic Tools | 15.00 |
| Canned Goods, Groceries | 25.00 |
| Clothing | 40.00 |
| Organ | 75.00 |
| **Total** | **$280.00** |

### ARTICLES SAVED.

| | |
|---|---:|
| 1 Dresser | $ 4.00 |
| 1 Machine | 8.00 |
| 1 Trunk | 1.00 |
| 2 Beds, Cotton | 4.00 |
| 1 Set Bed Springs | 2.00 |
| 8 Quilts | 12.00 |
| 1 Feather Bed | 5.00 |
| Wearing Clothes | 10.00 |

I, J. M. Hairston, a duly commissioned justice of the peace, do hereby certify that the above is a true statement of property burned and saved to the best of my judgment.

Nov. 20, 1907.        (Signed)   J. M. HAIRSTON, J. P.

That he intended it for a proof of loss and mailed it at once to the insurance company at Little Rock, Ark. That in the same

envelope, but on a separate sheet of paper, he enclosed a statement in writing about the origin of the fire and when it occurred. That no answer was received from the insurance company. The insurance policy and the bond were read in evidence.

The defendants introduced as a witness E. Miles, the secretary of the company. He admitted receiving the letter from I. H. Mack, and the list of "articles burnt" and "articles saved" copied above, but denied receiving the statement about the origin of the fire and where it occurred.

The jury returned into court the following verdict: "We, the jury, find for the plaintiff on house in the sum of $450, and on personalty $150; also we further find 12 per cent. penalty, $72."

From the judgment entered on the verdict the defendants have duly appealed to this court.

*C. P. Harnwell,* for appellants.

1. The statement mailed to the company by appellee is in no sense a compliance with the requirements of the policy as to proof of loss, and amounts to nothing more than a notice that a fire occurred. The burden of proof was on plaintiffs to show that proof of loss was made out and filed with the company within the time limited by the policy. 77 Ark. 84; 84 Ark. 224; 85 Ark. 337; 87 Ark. 171; 88 Ark. 120.

2. The policy was written October 15, 1906, and the bond sued on was not executed until May 7, 1907. There is no liability against the bondsmen. There was in no event any liability upon the bond, the same being, not an indemnity bond, but merely a fidelity bond for the faithful performance of duty by the officers of the company. Acts 1905, pp. 490-496; Kirby's Dig., §§ 4348, 4380; 92 U. S. 259; 100 U. S. 239; 74 U. S. (7 Wall.) 482; 80 U. S. (13 Wall.) 162; 11 Cal. 222; 97 U. S. 546; 80 Ala. 379; 83 Ky. 162; 108 Ind. 308; 150 N. Y. 139; 35 Ark. 56; 26 Cal. 11; 9 La. An. 165; 44 Mo. 283; 3 Ohio 198; 94 Pa. 450; 28 Vt. 354; 81 Mo. 574; 122 Ind. 69; 60 Wis. 133; 5 L. R. A. 340.

*Hamby & Haynie,* for appellees.

1. That the proof of loss was given within the time limit is clearly shown by the evidence. Substantial compliance by the assured with the terms and conditions of the policy is all that is

required. Kirby's Dig. § 4375. Knowing that the statement furnished was intended as a proof of loss, appellant, not having objected, should be held to have waived forfeiture. 53 Ark. 499.

2. No exceptions having been saved to instructions given at appellees' request, appellant will not be heard to question them here. 73 Ark. 409.

3. The bondsmen were properly joined in the action. Kirby's Dig. § 4376. And the contention that the bond is not an indemnity, but a fidelity, bond is contrary both to the law and the facts. Act 129, Acts 1905, § 2. The sureties are not relieved of liability because the bond was executed subsequent to the issuing of the policy, as appears by the terms of the bond. 76 Ark. 410.

HART, J. (after stating the facts). 1. At the request of the appellee the court instructed the jury that the law did not require him to furnish the insurance company with a proof of loss in order to recover the amount due for the destruction of his house by fire. This instruction was erroneous.

It has been expressly held by this court that in such cases the failure to present the proof of loss within the time prescribed by the terms of the policy works a forfeiture of the right to claim anything on the policy. *Teutonia Insurance Co.* v. *Johnson,* 72 Ark. 484; *Arkansas Mutual Fire Insurance Co.* v. *Clark,* 84 Ark. 224; *Minneapolis Fire & Marine Mutual Ins. Co.* v. *Fultz,* 72 Ark. 365.

But appellants are in no attitude to complain of any of the instructions given by the court at the instance of the appellee. The record shows that the instructions were given over their objections, but it also shows that appellants did not save any exceptions to the action of the court in giving any of the instructions asked by the appellee.

In the case of *Meisenheimer* v. *State,* 73 Ark. 407, the court said: "An objection precedes an exception. The objection calls for a ruling by the trial court, and the exception directs attention to and fastens the objection for a review on appeal. If a party does not follow the ruling on his objection by clinching it with an exception, he waives the objection." See also *Cammack* v. *Southwestern Fire Ins. Co.,* 88 Ark. 505.

Hence by the rules of practice appellants waived their objec-

tion to the instructions given at the instance of the plaintiff by not excepting to the ruling of the court in giving them, and they are not before us for review.

2. Counsel for appellant also contends that the court erred in refusing instruction No. 3 asked by them. The instruction recites the clause in the policy with regard to the proof of loss, and tells the jury that it was the duty of appellee to comply with the provisions thereof, and that if he did not, "within thirty days after the fire, make out and deliver to defendant company a proof of loss, signed and sworn to by plaintiff, stating his knowledge and belief as to the origin of the fire, the time of the fire, plaintiff's interest and the interest of all others in the property destroyed, the cash value of each item destroyed and the amount of the loss thereon, all incumbrances thereon, all other insurance covering said property, all schedules and descriptions in said policy, any change in the use, title, occupation, location, possession or exposure of said property, by whom occupied and for what purpose the building insured was occupied at the time of the fire, then said policy becomes inoperative and void because of such non-compliance by plaintiffs, and plaintiffs will not be entitled to any recovery, and you must find for the defendants."

This instruction should not have been given. It directly and plainly made the verdict depend upon the proposition stated in it, and excluded all other issues. *St. Louis, I. M. & S. Ry. Co.* v. *Smith*, 82 Ark. 105; *Aluminum Company of North America* v. *Ramsey*, 89 Ark. 522.

The obnoxious feature of the instruction is that it entirely ignored appellee's contention that the insurance company waived all other proof of loss than the one sent to it, and that it was estopped from denying its sufficiency.

We have repeatedly held that a failure to furnish proof of loss of the insured property as required by the terms of the policy may be waived by the insurer. *Minneapolis Fire & Marine Mutual Ins. Co.* v. *Fultz*, 72 Ark. 365; *Home Insurance Co.* v. *Driver*, 87 Ark. 171, and cases cited; *Hartford Fire Insurance Co.* v. *Enoch*, 79 Ark. 475.

Appellee testified that he attempted to comply with the provisions of the policy in regard to the proof of loss; that he made out a list of the articles burnt and of the articles saved, with the

value set opposite each item thereof, swore to the correctness of it, and mailed it to the insurance company, together with a statement on a separate sheet of paper about the origin of the fire and when it occurred; that this was done within the time prescribed by the terms of the policy, and that the company never made any objections to it.

Appellant company admits having received the list of articles referred to, but denies having received the statement which appellee says he inclosed with it about the origin of the fire and where it occurred. Appellee's testimony showed an intention on his part to comply with the requirements of his policy with respect to the proof of loss, and, if it was incomplete, good faith demanded that the insurance company should point out to him in what respect it was lacking.

"The conditions of insurance policies are numerous, varied and minute in details. These are doubtless essential for their protection against fraud, and for their complete security; but they are perplexing to persons not familiar with their requirements and construction. To prevent sharp practice and unfair advantage from a superior knowledge, it seems most just, and without imposing an undue burden on the insurance companies, to hold that, when the preliminary proofs are received, if there are any defects, they shall so state to the insured, that he may amend them in time, if they can be amended. If they intend to deal fairly with an honest loss, why should they not so state? If they believe the claim of a loss is a fraud, let them so state, and contest it on that ground. The interests involved are so great, so many persons hold all they possess dependent on these securities, that both insurers and insured should be held to the utmost good faith, and such has been the manifest purpose of the courts." *Jones* v. *Mechanics' Fire Insurance Co.,* 13 Am. Rep. (N. J.) 405.

In the cases of *Hartford Fire Insurance Co.* v. *Enoch,* and *Home Insurance Co.* v. *Driver, supra,* this court quoted with approval from the Supreme Court of the State of Pennsylvania, the following:

"If the insured in good faith and within the stipulated time does what he plainly intends as a compliance with the requirements of his policy in respect to proof of loss, good faith requires that the insurer shall promptly notify him of objections thereto,

and mere silence may so mislead him to his disadvantage as to be of itself evidence of a waiver of estoppel."

3. Counsel for appellants assigns as error the refusal of the court to give instruction No. 4 asked by them. The instruction reads as follows:

"4. The jury are instructed that the furnishing of proofs of loss within thirty days from the date of the alleged fire is, in this case, a condition precedent to recovery by plaintiffs, and failure to comply therewith is a valid defense to the action upon the policy as if it were made an express ground of forfeiture."

This instruction was also properly refused. It made the furnishing of proof of loss within the stipulated time by the appellee a condition precedent to his right of recovery, and entirely ignored his contention as to the waiver of the proof of loss by the insurance company, and its estoppel to question the sufficiency thereof. It should have contained the qualification, "unless you find that the company has waived the forfeiture," or words of like effect. *St. Louis, I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 111.

This form of instruction was criticised and condemned in the case of *Ark. Mid. Rd. Co.* v. *Rambo,* 90 Ark. 108. In that case the instruction was given, and the court held that it should have been met by a special and not a general objection because the vice of it had been taken away by other instructions given at the request of the complaining party. But it is not error to refuse to give an instruction which, otherwise containing a correct statement of law, is obnoxious in presenting the theory of one party to the exclusion of that of his adversary.

The court gave, at the request of appellants, a general instruction on the same point which contained the proper qualification. But appellants were entitled to a special instruction covering the point, had they asked a proper one. The court however was not bound to modify or qualify the instruction so as to remedy its defects. The party complaining must ask a correct instruction. *Horton* v. *Jackson,* 87 Ark. 528.

4. Counsel for appellant contend that the court erred in refusing to give the following instruction:

"5. The jury are instructed that the sureties upon the bond of defendant sued on herein are liable only for such losses as accrue on policies issued during the life of said bond on property

situate in the State of Arkansas; and if you find from the evidence the policy sued on was in fact issued before the bond was made, plaintiffs are not entitled to recover on it, as against the sureties."

The instruction should not have been given. The bond was executed pursuant to section 4 of the act of April 24, 1905. Acts of 1905, p. 489.

As was said in the case of *Ingle* v. *Batesville Grocery Co.,* 89 Ark. 378: "The liability of the insurance company is fixed by the policy of insurance, without regard to the character of the insurance company to be made liable. *Block* v. *Valley Mutual Ins. Association,* 52 Ark. 201. But the liability of the sureties on the bond is fixed by the bond itself."

The bond by its terms is conditioned that the company "shall promptly pay all claims arising and accruing to any person or persons during the term of said bond by virtue of any policy issued by any such company or association in this State, whenever the same shall become due."

The property insured was situated in this State. By the provisions of the bond, the sureties were obligated to pay all claims accruing to any person during the term of the bond. The claim accrued when the insured had a present enforceable right of action against the insurance company. Manifestly, his claim against the company accrued during the term of the bond. The bond was executed on the 7th day of May, 1907, and was for a period of one year. The fire occurred on the 29th day of October, 1907. In accordance with the ruling in the case of *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 410, we hold that the bond was liable.

Counsel for appellant also insist that there was a misjoinder of parties defendant. It is not necessary for us to determine whether the bondsmen could be sued in the same action with the company.

The sureties adopted the answer of the insurance company, and voluntarily went to trial on the issues raised by the pleadings. Moreover, "when causes of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the

administration of justice, and may consolidate said causes when it appears reasonable to do so." Acts of 1905, p. 798.

The court having this power to consolidate the suits if brought separately, no prejudice could have resulted from the course adopted. *Mahoney* v. *Roberts,* 86 Ark. 130; *Ashford* v. *Richardson,* 88 Ark. 124.

Finding no prejudicial error in the record, the judgment is affirmed.