FIRST NATIONAL BANK OF FORT SMITH *v.* GODWIN.

4-4019

Opinion delivered November 4, 1935.

M. A. Hathcoat and S. W. Woods, for appellant.

J. Loyd Shouse and Shinn & Henley, for appellees.

BAKER, J.   J. L. Godwin was indebted to the Citizens Bank & Trust Company at Harrison, Arkansas, in the sum of $1,800, paid $1,500, and on May 6, 1931, executed his note for $300, the balance owing, said note to mature November 1, 1931, with interest at 8 per cent. until paid.

Thereafter and before maturity, the said note, together with a large amount of other collateral, was delivered to the First National Bank, Fort Smith, Arkansas, as security for money borrowed by the Citizens Bank & Trust Company from the said First National Bank.

In answer to a suit filed by the plaintiff, appellant here, First National Bank, Godwin admitted the execution of the note, but pleaded, by way of defense, that the said First National Bank, had not received the note in due course of business, and denied that it was without knowledge of any existing defense thereto, and alleged that it had no right to maintain a suit for judgment on the said note.

He pleaded further that the Citizens Bank & Trust Company, of Harrison, was justly indebted to him in the sum of $350, evidenced by certain certificates which he alleged he held, and which were issued by the said Citizens Bank & Trust Company as an evidence of its indebtedness for said amounts. Before these pleadings were made up for the trial of the cause, Citizens Bank & Trust Company had become insolvent, and the State Bank Commissioner, in charge thereof, had made his settlement with the First National Bank, which settlement had been duly approved by the chancery court. In this settlement all of the notes deposited or pledged to the First National Bank as security were sold outright to the First National Bank in full settlement of the amount owing by the Citizens Bank & Trust Company to the appellant, and at the time of the trial of this cause, beyond all question, the First National Bank, appellant here, was the owner of the aforesaid note.

It should perhaps be mentioned here that this settlement, made by the Bank Commissioner or his agent with the First National Bank, did not question the validity of the transfer of the notes or bills receivable as security for the money borrowed from the First National Bank.

The principal question raised in the matter of defense here is the authority of the officers of the now insolvent bank to borrow money from the First National Bank. The defendant alleged the invalidity of the pledge of his note, and that therefore the Citizens Bank & Trust Company was, in fact and in law, owner of his note, and that he had the right to counterclaim or offset when sued. In a proper case such defense might successfully be made.

The law regulating banks, and providing a plan or scheme whereby they might borrow money and pledge securities for the payment thereof, was not intended to operate as a trap for the unwary, but, as was said in the case of *Grand National Bank of St. Louis* v. *Taylor,* 176 Ark. 1, 1 S. W. (2d) 818, § 700, Crawford & Moses' Digest, as amended, was for the benefit of the bank, its stockholders and depositors, to prevent, as far as pos-

sible, officers from making away with the assets of the bank for their private purposes.

Said statutes, viewed from this standpoint or angle must be understood as not intending to limit the power of the bank to discount bills and notes, or to borrow money and pledge same as security therefor, but the limitation is upon the acts of the officers, as distinguished from the bank itself. We think a bank might borrow money upon presenting defective resolutions, and use such money so borrowed in the regular course of its business, and not for the personal advantage of the officers acting for the bank, and thereby estop itself to deny the validity of the transaction. It could not receive the proceeds of such transactions, use them in the regular course of its business, and then be heard to allege the invalidity of the transaction whereby it received the money. Such is the effect of the opinion in the above cited case, *Grand National Bank of St. Louis* v. *Taylor*. In the case here there has not been a suggestion of any sinister act or motive in any of the dealings procuring the money, or as to the purpose for which it was borrowed, or the use to which it was put.

In the trial of the case, the minutes of the board of directors of the Citizens Bank & Trust Company were read, showing proceedings on June 8, 1931. Some members of the board of directors were admittedly absent. It is not shown affirmatively that they had notice in writing of this meeting. It is not shown affirmatively, we think, that they did not have notice of it. From these minutes we get this recital: ''A resolution was adopted authorizing officers of the bank to borrow money and pledge notes of the bank as collateral to the First National Bank, Fort Smith, Arkansas, in the amount of $25,000.'' The resolution seemed to bear the date of June 9th, instead of June 8th. It was further suggested, and we think the record shows it, that these minutes did not follow in regular or consecutive order the minutes of a previous meeting, but the secretary of the bank explained that this record was omitted by mistake, and was later copied after the next or succeeding meeting had

been held, and the minutes of which had been written into the minute book.

Let it be said, and suffice for all arguments that can be made in regard to the controverted questions, that, since § 700 of Crawford & Moses' Digest, and the amendments thereto, were intended to protect the bank, its stockholders, its depositors, or other creditors, from misconduct of its officers, there is no evidence whatever of any act of bad faith on the part of the officers in the matter of pledging or transferring the note sued on. Therefore, when the First National Bank took this note as security, it took it in due course, and was entitled to have judgment rendered in its favor upon a directed verdict upon the trial of this case.

The plaintiff asked for a directed verdict, and, upon its request being refused by the court, did not object or save any exceptions to the action of the court in overruling its request. There is nothing here for review upon that matter.

Defendant asked the following instruction upon the trial of the case. "Before the plaintiff could recover in this action, the burden is upon it to show by preponderance of the evidence that, previous to the pledge of the note sued on and within one year prior thereto, there was a resolution actually adopted by the board of directors of the Citizens Bank & Trust Company either in regular meeting or at a special or call meeting of which all the members of the board of directors had received reasonable notice in writing."

The court gave this instruction over the objection of the plaintiff. This instruction was inherently erroneous. This must appear to anyone analyzing § 700, Crawford & Moses' Digest, as amended, and as construed in *Grand National Bank of St. Louis* v. *Taylor, supra.*

We have no hesitancy in saying that a bank could bind itself by estoppel, as well as affirmatively by resolutions.

Plaintiff objected to the said instruction, but saved no exceptions when given over objections made. Such is the record. The matter of the objection was brought

forward in the motion for a new trial, but it is not suggested in said motion that an exception was saved.

Since appellee specially directs our attention to this matter, we give it consideration.

Although it doubtless has appeared from the foregoing that we think defendant should have been required, by judgment, to pay the debt he admits he owes, yet we are powerless to correct errors not properly brought up. It is infinitely more important that we follow the regularly established and beaten pathway of the law of appeal and error, and preserve the integrity of the law, than, by the commission of one error, attempt to correct another error that has been legally waived.

The giving or refusing of an instruction to which no exception was taken in the trial court cannot be reviewed. *Dunnington* v. *Frick Co.,* 60 Ark. 250, 30 S. W. 212; *American Fire Ins. Co.* v. *Haynie,* 91 Ark. 43, 120 S. W. 825; *Meisenheimer* v. *State,* 73 Ark. 407, 84 S. W. 494.

We must and do affirm the judgment of the trial court.