Marvin Earl GOODSELL  *v.*  STATE of Arkansas

CA CR 08-115                    289 S.W.3d 534

Court of Appeals of Arkansas
Opinion delivered December 17, 2008

*Lynn Frank Plemmons*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge. A Faulkner County jury convicted Marvin Goodsell of four counts of second-degree sexual assault. The victims were Goodsell's two stepdaughters. He appeals, challenging the sufficiency of the evidence to support his convictions and an evidentiary ruling. We address Goodsell's sufficiency challenge first. *Standridge v. State*, 357 Ark. 105, 112, 161 S.W.3d 815, 818 (2004). He argues that the State failed to satisfy the corpus-delicti requirement with other proof that the assaults occurred. Viewing the evidence in the light most favorable to the State, we agree. *Davis v. State*, 350 Ark. 22, 30, 86 S.W.3d 872, 877-78 (2002). We therefore reverse and dismiss Goodsell's convictions. This disposition moots the alleged evidentiary error.

Goodsell confessed to police officers that he sexually assaulted both of his stepdaughters. He then testified at trial that he did not commit the crimes. Under Arkansas Code Annotated § 16-89-111(d) (Repl. 2005), "[a] confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that the offense was committed." This other proof need not have been sufficient to convict Goodsell. *Misenheimer v. State*, 73 Ark. 407, 411, 84 S.W. 494, 495 (1904). The requirement does not mandate that the State establish any further connection between Goodsell and the crimes. *Barnes v. State*, 346 Ark. 91, 98, 55 S.W.3d 271, 276 (2001). Independent of the confession, the State had to prove only (1) the existence of an injury or harm constituting the crime and (2) that the injury was caused by someone's criminal activity. *Ferrell v. State*, 325 Ark. 455, 460, 929 S.W.2d 697, 701 (1996). We must therefore determine whether, setting aside Goodsell's out-of-court confession, the evidence demonstrates that someone sexually assaulted his two stepdaughters. *Barnes*, 346 Ark. at 98, 55 S.W.3d at 276.

As the other proof, the State points to testimony from the two victims, a police lieutenant, and the girls' mother. First, the stepdaughters. Both girls gave statements to police accusing Goodsell of sexually assaulting them. But each girl recanted the

accusations before trial. Goodsell moved to exclude the girls' prior inconsistent statements. The circuit court ruled unequivocally that the girls' out-of-court statements about the assaults would be permitted only as rebuttal evidence on their credibility if they testified at trial contrary to their statements. At trial, both girls denied any abuse, and the circuit court then admitted their prior statements to impeach their testimony. But, as the circuit court instructed the jury, those statements were to be considered "for the purpose of judging the credibility of the witness, but may not be considered . . . as evidence of the truth of the matter set forth in that statement." The girls' accusations to police, therefore, are not other proof of the assaults.

Next, Lieutenant Matt Rice. He took Goodsell's recorded confession. At trial, the prosecutor asked Rice if Goodsell made any hand gestures during the police interview. Rice answered, "Yes. At the time he told me that he put his fingers in her vagina, he held up, I believe, his right hand, — his right hand and his index finger and middle finger when he was telling me about putting his fingers in their vagina." Rice's statement comes straight from Goodsell's confession, which may not weigh in the corpus-delicti analysis. *Barnes*, 346 Ark. at 98, 55 S.W.3d at 276 (2001). And Goodsell's hand gesture, adrift from the accompanying confession, is not evidence that a crime occurred.

We are left with testimony from Leslie Goodsell, the victims' mother. At trial, she twice mentioned the details of the girls' accusations. First, Mrs. Goodsell testified that the girls' youth counselors came to her with "concerns . . . that my husband had been sexually molesting my oldest daughter." The youth counselors did not testify at trial. And Mrs. Goodsell did not testify that the counselors actually observed the assaults or knew for certain that they had occurred. A concern by someone who did not testify at trial is simply insufficient other proof that someone sexually assaulted the girls. Second, Mrs. Goodsell acknowledged that she was aware that her older daughter had told the State Police "that [Mr. Goodsell] had been fondling her." But again, the daughter's prior statement was hearsay that the jury could not consider as substantive evidence.

Arguing for affirmance, the State cites *Hinzman v. State*, 53 Ark. App. 256, 922 S.W.2d 725 (1996) for the proposition that hearsay statements, when admitted, are sufficient to corroborate a confession. *Hinzman* rests on *Johnson v. State*, 298 Ark. 617, 770

S.W.2d 128 (1989). The foundational case — *Johnson* — is distinguishable. There, the victim's prior statement was admitted pursuant to a hearsay exception, Ark. R. Evid. 803(25), and was evidence of the truth of the matter asserted. 298 Ark. at 620-21, 770 S.W.2d at 130. Thus the victim's out-of-court accusation provided sufficient other proof to corroborate Johnson's extrajudicial confession. *Johnson*, 298 Ark. at 620-22, 770 S.W.2d at 130-31.

■ At first blush, *Hinzman* supports the State's contention that the hearsay testimony from the witnesses here — especially the victims' mother — corroborated Goodsell's confession. For two reasons, however, we are persuaded that *Hinzman* does not control this case. First, *Hinzman* cites and applies *Johnson*, while not purporting to extend the supreme court's precedent. And *Johnson* presented different circumstances: the hearsay statement there was admitted into evidence for its truth under an exception to the hearsay rule. 298 Ark. at 620-21, 770 S.W.2d at 130. Second, *Hinzman* focuses on another issue — how the State impeached the victim with her prior statement. 53 Ark. App. at 260, 922 S.W.2d at 728. That was the "primary thrust of [the] appeal," and the basis for reversal. 53 Ark. App. at 260, 264, 922 S.W.2d at 728, 730. *Hinzman* does not discuss or address the deeper point presented here: the victims' recanted statements, which the circuit court excluded, infected the related testimony of the other witnesses; and the challenged testimony about the victims' statements was not admitted for its truth, but rather was subject to the court's proper limiting instruction about the evidentiary value of the victims' statements.

In sum, the State failed to carry its burden of offering other proof that Goodsell committed these crimes. We must therefore reverse and dismiss Goodsell's convictions. Though precedent binds us to follow the corpus-delicti rule, we question the necessity of this stringent corroboration requirement. We recognize the reason behind the rule — to prevent convictions based solely on coerced confessions. But "the rule is a vestige of a time when brutal methods were commonly used to extract confessions, sometimes to crimes that had not been committed." *U.S. v. Kerley*, 838 F.2d 932, 939 (7th Cir. 1988) (quotation omitted). Some jurisdictions, including the federal system, have done away with the rule, requiring instead that there "be substantial independent evidence which would tend to establish the trustworthiness of the state-

ment." 838 F.2d at 940. If change is to come to Arkansas law on this issue, however, then either the General Assembly must amend Ark. Code Ann. § 16-89-111(d) or our supreme court must reinterpret the other-proof requirement.

ROBBINS and VAUGHT, JJ., agree.