HALLEY *v.* STATE.

Opinion delivered May 12, 1913.

1.  ASSAULT WITH INTENT TO KILL—INDICTMENT—SUFFICIENCY.—An indictment for assault with intent to kill, which alleges that the assault was made unlawfully and feloniously, with malice aforethought, and after premeditation and deliberation, is sufficient. (Page 226.)

2.  TRIAL—EVIDENCE—WAIVER OF OBJECTIONS.—Where defendant fails to object to the introduction of testimony, or except to the action of the court in admitting it over his objection, the question of the inadmissibility of the testimony can not be considered on appeal. (Page 226.)

3.  CRIMINAL LAW—TRIAL OF TWO DEFENDANTS ON SEPARATE INDICTMENTS.—Two defendants, indicted for separate offenses, were tried together. *Held*, where one defendant expressly consented that this be done, when the facts in both cases were the same, and he was not prejudiced thereby, he can not, after verdict, complain of the action of the court in permitting the cases to be tried together. (Page 227.)

4.  CRIMINAL LAW—HUSBAND AND WIFE MAY TESTIFY WHEN.—Under Kirby's Digest, § 3092, the wife may testify against her husband in a criminal prosecution, in which an injury has been done to the person of the wife by the husband. (Page 228.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

STATEMENT BY THE COURT.

The defendant, Jim Halley, was indicted for the crime of assault with intent to kill, alleged to have been committed by cutting his wife with a razor. The defendant and his wife are colored people. The alleged assault occurred at the home of the defendant. The defendant and a companion named Arthur Hill came to the defendant's house one night after his wife had gone to bed. She got up and let them in and got back in bed. Her husband complained about her being so long in opening the door and then asked her if she had any-

thing cooked. She replied that she had not and was not
going to cook for him any more. The defendant and his
companion soon left the house and in a few minutes
Arthur Hill returned. The defendant's wife got up out
of bed and it was discovered she had been cut. She
dressed herself and, in company with Arthur Hill, went
out on the streets in search of a physician. They met a
policeman and the defendant's wife told him her hus-
band had beaten her up and cut her with a razor. The
policeman found that a place right over her spine was
swollen as large as his wrist and that there was a cut
in her shoulder from about four to six inches long. He
went home with her and examined the condition of the
bed she was in when she was cut. He found a cut place
through three quilts and the sheets and pillows were
bloody. The defendant was arrested and carried before
the police judge of Fort Smith. The police judge testi-
fied that it was his recollection that the defendant ad-
mitted to him that he had cut his wife with a razor. The
defendant's wife testified that she first believed her
husband had cut her and so stated to the policeman.
That on the next day Arthur Hill told her that he had
done the cutting and she believed him. She said that
no one was in the room at the time she was cut except
Arthur Hill, her husband and herself, but that she had
her head covered up with the bed quilts and did not see
who cut her, and does not now think that it was her hus-
band who did it.

The defendant testified that he did not cut his wife,
but made no other statement about it at all. The de-
fendant and his wife were both placed in jail. Other
witnesses for the defendant testified that before they
were admitted to bail they examined the quilts on the
bed in which the defendant's wife was lying at the time
she was cut and could not discover any cut places on
the quilts. They exhibited to the jury the quilts which
they said were on the bed and there were no cut places
on them.

In rebuttal, the State introduced the policeman who
had examined the quilts and he stated that they were

not the quilts which were on the bed, and which he examined almost immediately after the crime was committed.

The jury returned a verdict of guilty and from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*Jo. Johnson,* for appellant.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

1. The demurrer was properly overruled. Kirby's Dig., § 1588; 65 Ark. 404.

2. The law only requires the presence of defendant in the examining court so that he may exercise the privilege of cross examination. 99 Ark. 507.

3. The wife was a competent witness. Kirby's Dig., § 3092.

4. No objections or exceptions were saved to the instructions. 95 Ark. 325.

HART, J., (after stating the facts). The indictment alleges that the assault was made unlawfully and feloniously, with malice aforethought, and after premeditation and deliberation. This was sufficient, and the court did not err in refusing to sustain the demurrer to the indictment. Section 1588 of Kirby's Digest; *Dillard v. State,* 65 Ark. 404.

The defendant in his motion for a new trial assigns as error the action of the court in admitting certain evidence. We do not deem it necessary to set out the testimony or more particularly refer to it. It is sufficient to say that we have examined the transcript and it does not appear that the defendant excepted to the ruling of the court in admitting it. Under our rules of practice, the defendant must first object to the introduction of evidence and, if the court admits the evidence over his objection, he must except to the ruling of the court. This the defendant did not do and we can not consider his objection. *Walker v. State,* 39 Ark. 221; *Burris v. State,* 38 Ark. 221; *Green v. State,* 38 Ark. 304; *Meisenheimer v. State,* 73 Ark. 407.

The record shows that the defendant's wife first claimed that her husband cut her with a razor and afterwards testified in the examining court that he did not cut her and that she did not know who did cut her. Because of her change in testimony, she was indicted for perjury. At the beginning of the trial the defendant agreed to try this case at the same time and together with the perjury case against his wife. He now contends that, although he consented to do this, the action of the court in permitting it was error. The precise question has never been determined by this court and, so far as our examination discloses, by any other court. In the case of *McClellan* v. *State,* 32 Ark. 609, two separate indictments were returned against the same defendant, and, by his consent, he was tried upon both indictments at the same time. The case was reversed for other reasons and the court said that the trial of the defendant upon both indictments at the same time was an irregularity, to say the least of it, and that such practice would certainly produce great confusion and uncertainty and should be condemned. It must be conceded that irregularities come at first by degrees and are tolerable because no perceptible injury has followed the first step, and such practice should not be allowed by the trial court. It does not follow, however, that the judgment below should be reversed alone on the ground of the irregularity here mentioned. The court had jurisdiction to try the charges made by the indictments against both parties, and had obtained jurisdiction over the persons of both of them. *McDonald* v. *State* (Ark.), 149 S. W. 95. Although they were indicted separately, the same facts were involved in the trial of both cases. While the court would have no authority against the objection of the defendant to try the cases together, yet as the record affirmatively shows the defendant expressly consented to it, and inasmuch as the record does not show he was prejudiced thereby, he can not now be heard to complain of the action of the court which was superinduced by him. *Lucas* v. *State* (Ala.), 3 L. R. A.

(N. S.) 412. In discussing a somewhat similar question, in the case of *Parker* v. *The People,* 4 L. R. A. 803, the court said:

"While this order is not very happily expressed, it shows that the cases were consolidated for trial upon motion of the defendants. Why the consolidation was asked, we are not advised. It may have been for the purpose of saving expense to the defendants, or for some expected benefit to arise to them from having all the cases submitted to a particular jury; it is sufficient for the purposes of the case for us to know that the consolidation was ordered to accommodate the defendants; and they can not be heard to complain of this action of the court induced by their request."

The defendant also assigns as error the action of the court in admitting the testimony of his wife. Her testimony was admissible under section 3092 of Kirby's Digest, which is as follows:

"In any criminal prosecution a husband and wife may testify against each other in all cases in which an injury has been done by either against the person or property of either."

The testimony on the part of the State was sufficient to show malice on the part of the defendant and would have warranted a conviction of the defendant of murder if the death of his wife had ensued from the assault. Therefore, there was sufficient evidence to warrant a conviction of assault with intent to kill. *Young* v. *State,* 99 Ark. 407. The instructions given by the court were fair to the defendant and fully covered every phase of the charge embraced in the indictment.

The judgment will be affirmed.

### ON RE-HEARING.

HART, J. Counsel in his brief on rehearing again insist that the court erred in not sustaining his demurrer to the indictment. As we pointed out in our opinion, the indictment charges the assault to have been made "unlawfully and feloniously, with malice aforethought, and after premediation and deliberation," and

in the case of *Harding* v. *State,* 94 Ark. 65, the court held that the use of these words mean that the act charged was wilful. Therefore, the court did not err in refusing to sustain the demurrer to the indictment.

Counsel has also presented to the court an amendment to the record so as to show that it was agreed that his exceptions to evidence might be preserved. In the case of *Harding* v. *State, supra,* the court held that objections to evidence must be made to the circuit court before it can err in its admissibility. We have carefully examined the record and where it appears that objections were made by the defendant, to the evidence the court sustained them and, under the ruling in the Harding case, he could save no exceptions by agreement with the court or otherwise, unless he made an objection to the evidence. Therefore, his amendment to the record avails him nothing, because the court sustained all the objections he made to the evidence. We have carefully considered the instructions given by the court and think they fully and fairly cover every phase of the case, and do not deem it necessary to comment upon them and review them at length.

The motion for a rehearing will be denied.