SILVIE *v.* STATE.

Opinion delivered February 15, 1915.

1. CRIMINAL PROCEDURE—CONSOLIDATION OF CAUSES—PREJUDICE.—Where there were three indictments pending against defendant, in the absence of an objection by him, it will not constitute reversible error to consolidate and try the three charges in one trial, where the record does not show him to have been prejudiced thereby.

2. EMBEZZLEMENT—SUFFICIENCY OF INDICTMENT.—An indictment for embezzlement, after charging the conversion of certain checks into money, alleged that accused "did unlawfully, fraudulently and feloniously make way with, embezzle and convert to his own use the said sum" of money, specifying $86.40 in the one, and $116.00 in the other, with no other description of the money. *Held*, the indictment was defective in not describing the money embezzled in terms required by the statute.

3. EMBEZZLEMENT—DEFECTIVE INDICTMENT—ALLEGATION OF OWNERSHIP.—An indictment for embezzlement will be held defective which does not allege the ownership of the money alleged to have been embezzled.

4. EMBEZZLEMENT—PROOF—DUTY OF STATE.—In order for the State to convict accused of the crime of embezzlement, under the facts, it is necessary for the State to allege and prove that accused embezzled certain checks, the property of certain persons named, or that he embezzled their money.

5. OBTAINING MONEY UNDER FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.—An indictment charging the obtaining of money under false pretenses, which alleges that accused "did unlawfully, falsely, fraudulently and feloniously obtain from E. H. $53.54, gold, silver

and paper money, of the value of $53.54," etc., *held* to sufficiently allege the ownership, and sufficiently describe the money.

6.  OBTAINING MONEY UNDER FALSE PRETENSES—NECESSARY PROOF.—The allegations in an indictment, charging the crime of obtaining money under false pretenses, must be sustained by proof as to the kind of money described therein.

7.  CRIMINAL PROCEDURE—INSTRUCTED VERDICT.—In a prosecution for obtaining money under false pretenses, where the proof fails to sustain the indictment, as to the kind of money obtained by the accused, upon request the court should give a peremptory instruction to find the defendant not guilty.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

STATEMENT BY THE COURT.

At the September, 1914, term of the Sebastian Circuit Court, for the Fort Smith district, appellant was indicted for three distinct and separate offenses. One indictment charged him "of the crime of obtaining money under false pretenses committed as follows, towit: The said W. I. Silvie, in the county, district and State aforesaid, on the 18th day of July, 1914, did unlawfully, falsely, fraudulently, and feloniously obtain from Ed Haglin $53.54, by falsely and feloniously stating to the said Ed Haglin that he (the said W. I. Silvie) had paid to Meister Brothers-Bracht Company a bill for $53.54 for material used in the repair of the hotel of the said Ed Haglin by the said W. I. Silvie, which said statement was false and untrue," etc.

Another indictment charged Silvie "of the crime of embezzlement committed as follows, towit: The said W. I. Silvie, in the county, district and State aforesaid, on the 18th day of July, 1914, then and there being over the age of sixteen years and being the agent and bailee of Ben Wolf and Al Pollock, and having then and there in his custody and possession as such agent and bailee as aforesaid, a certain check for $86.40 of the value of $86.40, the property of the said Ben Wolf and Al Pollock did convert the same into money amounting to $86.40 and unlawfully, fraudulently and feloniously make way with, embezzle and convert to his own use," etc.

Another indictment charged appellant "of the crime of embezzlement committed as follows, towit: The said W. I. Silvie, in the county, district and State aforesaid, on the 18th day of July, 1914, then and there being over the age of sixteen years, and being the agent and bailee of E. H. Stevenson, and having then and there in his custody and possession as such agent and bailee as aforesaid, a certain check for $116 of the value of $116, the property of the said E. H. Stevenson, did convent the same into money amounting to $116 and unlawfully, fraudulently and feloniously make way with, embezzle and convert to his own use the said sum of $116," etc.

The appellant demurred to each of these indictments. The demurrer was overruled and appellant duly saved his exceptions. The causes were consolidated for the purposes of the trial.

The bill of exceptions recites, "The above entitled cause coming on for trial before the Hon. Daniel Hon, judge, presiding, came the State of Arkansas by its prosecuting attorney, Paul Little, and came the defendant by his attorney, G. W. Dodd, and the parties announcing ready for trial, a good and lawful jury was empaneled and sworn to try the issues joined," etc.

At the conclusion of the testimony the appellant asked the court to direct a verdict in his favor, which the court refused.

Appellant was convicted and sentenced to one year imprisonment in the State penitentiary on each of said indictments.

One of the grounds in the motion for a new trial was "that the court erred in consolidating the three indictments against the defendant."

*Sam R. Chew,* for appellant.

1. The indictments did not contain a sufficient description of the money. The demurrers for embezzlement should have been sustained. 51 Ark. 112; 42 *Id.* 517; 51 *Id.* 119; 65 *Id.* 82; 71 *Id.* 415; 80 *Id.* 495.

2. Ownership of the property is an essential element and must be averred. 97 Ark. 1; 97 *Id.* 92; 102 *Id.* 627; 73 *Id.* 32.

3. There is no proof of agency or that appellant was a bailee. 51 Ark. 119.

4. The offense of false pretense is statutory. Kirby's Dig., § 1689. There must be the *intent* and *design* to defraud, and both must be averred in the indictment. A variance between the averment of ownership and the proof is fatal. 97 Ark. 1; 99 *Id.* 121; 73 *Id.* 32; 55 *Id.* 244; 85 *Id.* 499; 37 *Id.* 443; *Ib.* 445; 60 *Id.* 141.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

We confess error in the consolidation of the causes. 80 Ark. 495. Nor is the description sufficient. 109 Ark. 411. The judgment should be reversed and the cause remanded. 108 Ark. 224.

WOOD, J., (after stating the facts). The Attorney General confesses that the court erred in consolidating the causes for trial. This court, in *McClellan* v. *State,* 32 Ark. 609, and in *Halley* v. *State,* 108 Ark. 224, has criticised and condemned the practice of consolidating separate causes under separate indictments for the purpose of trial. In the latter case we said: "While the court would have no authority against the objection of the defendant to try the cases together, yet as the record affirmatively shows the defendant expressly consented to it, and inasmuch as the record does not show he was prejudiced thereby, he can not now be heard to complain of the action of the court which was superinduced by him."

(1) Here, while the record does not show the affirmative consent of the appellant to the consolidation, or that he requested the same, neither does it show that he objected to such procedure. Being present and not objecting, he must be held to have waived the irregularity, and since the record does not disclose that he was prejudiced thereby, he is in no attitude to complain.

(2) The Attorney General also confesses that the court erred in overruling the demurrers to the indictment for embezzlement, for the reason that there was no sufficient description of the money alleged to have been embezzled. This confession of error is well taken. The indictments, it will be observed, did not charge embezzlement of the checks, but, after charging the conversion of the checks into money, they alleged that he "did unlawfully, fraudulently and feloniously make way with, embezzle and convert to his own use the said sum" of money, specifying $86.40 in one case and $116 in the other, with no other description of the money.

In *Cook* v. *State,* 80 Ark. 495, the appellant was charged, among other things, with the larceny of six dollars in money of the value of six dollars." In that case we said: "The indictment describes it as 'six dollars in money of the value of six dollars,' without alleging the kind, whether gold, silver or paper, and the evidence goes no further than that in describing it. This is not sufficient, as the statute provides that 'it shall not be necessary to particularly describe in the indictment the kind of money taken or obtained, further than to allege gold, silver or paper money.' Kirby's Digest, § 1844."

If the indictment had charged, in the language of the statute, *supra,* that the money embezzled was "gold, silver or paper money," it would have been sufficient. *State* v. *Boyce,* 65 Ark. 82; *Marshall* v. *State,* 71 Ark. 415. But the indictments did not do this, and hence did not comply with the requirements of the statute.

(3) These indictments for embezzlement are further defective in not alleging the ownership of the money alleged to have been embezzled. *Merritt* v. *State,* 73 Ark. 32; *Fletcher* v. *State,* 97 Ark. 1; *Russell* v. *State,* 97 Ark. 92; *Wells* v. *State,* 102 Ark. 627.

(4) In view of further proceedings on the charges of embezzlement, it is not improper to state that in order to convict the appellant of these it will be necessary for the State to allege and prove either that appellant em-

bezzled the checks, the property of Wolf and Pollock and of Stevenson, or that he embezzled their money.

(5-6) The indictment for obtaining money under false pretenses was sufficient. There was a sufficient allegation as to ownership and as to the description of the property. The indictment charged that appellant "did unlawfully, falsely, fraudulently and feloniously obtain from Ed Haglin $53.54 gold, silver and paper money of the value of $53.54," etc. This was a sufficient allegation of ownership in Haglin, and a sufficient description of the money. But there is no proof in the record showing the kind of money that appellant obtained. We have held that the allegations of the indictment must be sustained by proof as to the kind of money described therein. *Maxey* v. *State*, 85 Ark. 500, and cases there cited.

(7) The court should have granted appellant's request for a peremptory instruction on the false pretense charge because of a failure of proof.

For the error in overruling appellant's demurrer to the indictments for embezzlement, and in refusing to grant his prayer for a peremptory instruction on the charge of false pretenses, the judgments are reversed and the causes are remanded with directions to sustain the demurrer to the indictments for embezzlement, and for a new trial on the charge of false pretenses.