## DAVIS *v.* STATE.

### Opinion delivered March 29, 1915.

1. CRIMINAL LAW—SPECIAL GRAND JURY—DISCRETION OF COURT—PRESUMPTION.—When a special grand jury has been summoned, under Kirby's Digest, § 2219, after the discharge of the regular grand jury, it is not necessary for the court to specify the reason for summoning the same in its order, and this court will presume, in the absence of a showing to the contrary that the condition existed, required by the statute authorizing such order.

2. CRIMINAL LAW—CONSOLIDATION OF SEPARATE CASES—OBJECTION BY DEFENDANT.—The trial court is without authority, as against the ob-

jection of the defendant, to order the consolidation of separate cases under different indictments for the purpose of trial.

3.  CRIMINAL LAW—CONSOLIDATION OF CASES.—Act 339, Acts 1905, does not give authority to a trial court to consolidate different criminal cases, over the defendant's objection, for the purpose of trial.

4.  CRIMINAL LAW—FORMER JEOPARDY.—Defendant was indicted for the crime of selling liquor without a license at 124 S. Main St., the proof showed a sale only at 120 S. Main St., thereafter defendant was indicted for selling liquor at 124, 122 and 120 S. Main St. *Held,* a plea of former jeopardy was unavailing.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; reversed.

STATEMENT BY THE COURT.

Four indictments were returned against C. H. Davis by the regular grand jury at the November term of the Craighead County Circuit Court, for violating the liquor laws, charging him with operating a blind tiger at 124 South Main Street, Jonesboro, Ark. Two of the indictments being returned November 17, and two on the 23d, the cases were consolidated by consent, and five witnesses testified, and from their testimony it appeared that the liquors were illegally sold in a room at 120 South Main Street, Jonesboro.

The State then withdrew the submission of the cases over appellant's objection, and the court denied a motion for a verdict directed in his favor. The regular grand jury having been discharged, a special grand jury was summoned by an order of court duly made in proper form, which returned ten indictments against appellant, charging him with running a blind tiger in the buildings at 120, 122 and 124 Main Street, Jonesboro, Ark.

Appellant moved to quash these indictments on the ground of his having been placed in former jeopardy, and the court directed the jury to find for him as to all sales alleged to have been made at Nos. 124 and 122 South Main Street, holding that there was a variance between the indictments charging the offenses to have been committed at 122 and 124 South Main Street, and the proof showing

the sales to have been made in the room back of and adjoining 120 South Main Street.

The State moved the consolidation of all the cases, which was done, over appellant's objection, and he was convicted in each of them by the jury after hearing the testimony, and brings this appeal from the judgments of conviction.

*Hawthorne & Hawthorne, N. F. Lamb* and *Archer Wheatley*, for appellant.

1. Appellant's motion to quash the indictments should have been sustained. The conditions for calling a special grand jury prescribed by section 2219, Kirby's Digest, did not exist. All the information on which the last indictments were returned was possessed by the court and prosecuting attorney before the regular grand jury was dismissed. Section 2219 of Kirby's Digest is nothing more than an emergency statute. The offense was not discovered or committed after the regular grand jury had been discharged, and a proper showing was offered to bring this case within the rule in 72 Ark. 586.

2. The court erred in consolidating the ten causes over the objection of appellant. Act No. 339, Acts 1909, does not apply to criminal actions. Section 2231, Kirby's Digest, alone is applicable. The court has held that the provisions of this section constitute a strict limitation upon the right. 32 Ark. 203; 33 Ark. 176; 36 Ark. 55; 45 Ark. 62; 71 Ark. 82. Though it is not reversible error, it is bad practice to permit a defendant to be tried upon two indictments charging separate offenses. 32 Ark. 609; 71 Ark. 108; 104 Ark. 317; 108 Ark. 224; 110 Ark. 226; 3 L. R. A. (N. S.) 412, and case note.

3. The court erred in not sustaining appellant's plea of former jeopardy. Jeopardy attaches when a jury has been legally empaneled and imprisonment may be imposed as part of a judgment. Sections 5140, 5141, Kirby's Digest, under which the indictments were had, provide that imprisonment may be assessed as a part of the penalty.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Appellant's motion to quash the ten indictments was properly refused. The court's finding of fact in the trial below shows that there was a fatal variance between the allegations in the four indictments, and the proof on the part of the State. Therefore, the case was brought within the provisions of section 2219 of Kirby's Digest, permitting a special grand jury to be empaneled.

2. The court did not err in consolidating the ten cases for trial over the objection of appellant. The parties therein, the subject-matter, and the evidence were the same, and appellant was not prejudiced by consolidating the cases. The statute provides that persons jointly indicted for *misdemeanors* may be required to stand trial at the same time.

3. The court did not err in failing to sustain appellant's plea of former jeopardy. The indictments in the last cases were for violations on different days, and the sales were made to different persons, from those set out in the first indictments returned. Because of the fatal variance between the proof and the allegations of the indictment, the first cases were withdrawn from submission before verdict and judgment, hence no jeopardy. 1 Bish. Cr. Law, § 121; 16 Ark. 568; 48 Ark. 36.

KIRBY, J., (after stating the facts). It is conceded that the testimony is sufficient to support the verdicts of the jury, but insisted that the court erred in summoning a special grand jury, in consolidating the cases for trial over appellant's objection, and denying his plea of former jeopardy.

The law provides, section 2219, Kirby's Digest, that the court, after the discharge of the regular grand jury, may in its discretion by an order entered of record, direct the summoning of a special grand jury.

(1) The record shows that an order was made by the court directing the summoning of the special grand jury, and it was a matter within the discretion of the court, and this court will presume in the absence of a

showing to the contrary that the condition existed required by the statute authorizing such order, which it was not necessary to specify therein. See *Dunn* v. *State,* 2 Ark. 229; *Freel* v. *State,* 21 Ark. 212; *Edmonds* v. *State,* 34 Ark. 720; *Dixon* v. *State,* 29 Ark. 165; *Howard* v. *State,* 72 Ark. 586.

(2) It is next urged that the court erred in consolidating the cases for trial over appellant's objection, and this contention must be sustained. This court, in *McClellan* v. *State,* 32 Ark. 609, and *Halley* v. *State,* 108 Ark. 224, condemned the practice of consolidating separate cases under different indictments for the purpose of trial, and held that the court was without authority against the objection of the defendant to order the cases to be tried together, and it has also been held that if the record is silent as to whether there was objection by the defendant to the consolidation of the cases, that he is held to have waived the irregularity and can not complain of the error. *Silvie* v. *State,* 117 Ark. 108.

The statute provides that an indictment must charge but one offense, except in designated cases where certain offenses not including violations of the liquor laws may be included in one indictment. Kirby's Digest, § § 2230, 2231. But for this limitation upon the exercise of the trial court's inherent power as it existed at common law, authorizing the consolidation of misdemeanor cases for trial upon the theory that the different offenses could be charged in one indictment, it could be done, notwithstanding the objection of the defendant. It is true there is much good reason for requiring the consolidation for trial of misdemeanor cases, and especially where the offenses charged are of a like kind or class, and against the same defendant, but it must continue to address itself to the Legislature for effecting improvement in our criminal procedure rather than to the courts, which are bound by existing laws.

(3) It was not the purpose of Act 339 of the Acts of 1905, authorizing the consolidation of "causes of a like nature or relating to the same question," to give the trial

court authority to consolidate different criminal cases over the defendant's objection for the purpose of a trial, and the court erred in ordering the cases consolidated over appellant's objection.

(4)   We find no error in the denial of the plea of former jeopardy, the court having sustained it as to the charges for violations of the law by sales made at Nos. 122 and 124 South Main Street, and denied it as to all the charges of offenses committed at No. 120; it appearing from the testimony on the trial of the first indictments that all the sales were made in the room of the building designated as 120 South Main Street, and there being a fatal variance between the offenses charged to have been committed in said indictments, and the proof made, there could have been no former jeopardy since the appellant could not have been convicted of any of the offenses charged under the last indictments upon said first trial. *State* v. *Ward,* 48 Ark. 36.

The court having erroneously consolidated the cases over the defendant's objection, the judgments must be reversed and the cases remanded for a new trial unless the Attorney General elects within fifteen days to take a judgment of conviction in one case only.   Since all the offenses were alleged to have been committed at the same place, the place being a necessary allegation in charging such offenses and the testimony introduced in support of all the charges could have been used to secure a conviction of one which would operate as a bar to any further prosecution for any of such sales, it may be considered a trial for one offense only, if the Attorney General elects to treat it so, otherwise, the judgments are reversed, and the causes remanded for a new trial.