## DRIFOOS *v.* STATE.

### Opinion delivered April 12, 1915.

CRIMINAL PROCEDURE—ONE DEFENDANT—CONSOLIDATION OF SEVERAL INDICTMENTS.—Where several indictments against one defendant are consolidated for the purpose of trial, with his consent, it will be presumed that the defendant agreed to the consolidation because he would obtain some advantage thereby, and the order of consolidation will be allowed to stand.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; affirmed.

*Hawthorne & Hawthorne, N. F. Lamb* and *Archer Wheatley,* for appellant.

Counsel raise no question in this case as to the consolidation. For argument otherwise see *Davis* v. *State, supra.*

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Every objection raised here was disposed of in the Davis case.

No point is made as to the consolidation, but that having been done by appellant's consent, he could not complain. *Silvie* v. *State,* 117 Ark. 108.

HART, J. Ten separate indictments were returned against Lee Drifoos, appellant, charging him with run-

ning a "blind tiger" in the city of Jonesboro, Arkansas, in August, 1914. By consent of appellant the cases were consolidated for trial. A separate verdict of guilty was returned in each case and from the judgment rendered the appellant prosecutes this appeal.

It is conceded by counsel for appellant that the evidence is sufficient to sustain the verdict in each case.

This is a companion case to that of *C. H. Davis* v. *State,* 115 Ark. 566. Drifoos and Davis were partners in the business conducted in the storehouse where it was charged and shown that the "blind tiger" was operated. Except as to the question of consolidation the issues are precisely the same, and as to these questions the instant case is ruled by the Davis case. In the Davis case the consolidation was ordered by the court over the objection of the defendant and for that reason the judgment was reversed. In the case at bar the consolidation for the purpose of trial was had with the consent of the appellant and on this point the case is ruled by *Silvie* v. *State,* 117 Ark. 108.

In that case it was held that where cases are consolidated for the purpose of trial with the consent of the defendant it will be presumed that the defendant agreed to the consolidation because he would obtain some advantage thereby and on this account the order of consolidation works no reversal of the judgment.

The judgment will be affirmed.