Chicago, Rock Island & Pacific Ry. Co. *v.* Burkholder
& Tuggle.

Opinion delivered June 4, 1917.

1. CARRIERS—DAMAGE TO FREIGHT—JURY QUESTION.—Where the evidence shows that goods were shipped in good condition, and reached their destination damaged, a question is made for the jury whether the carrier was guilty of negligence.

2. APPEAL AND ERROR—REVIEW FOR ERRORS.—This court will review for errors only when the rulings of the trial court have been objected to when made and a bill of exceptions taken, or the point then saved, and the bill of exceptions taken during the term; or a new trial must have been asked and overruled, and exceptions saved, after objection, and this noted on the record.

3. EVIDENCE—SALES—ORIGINAL ACCOUNTS.—Original accounts of a commission merchant with his customer is admissible in evidence.

4. CARRIERS—DAMAGE TO FREIGHT—MEASURE OF DAMAGES.—When a shipment of freight has been damaged by the carrier, the measure of damage is the difference between what the seller would have received under the contract of sale and what he actually did receive by reason of the sale of the goods in their damaged condition through their commission merchant.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

1. The verdict is excessive. No sale was proven to Bonura & Co. The actual loss was only $5.20.

2. The so-called "account sales" was not admissible as evidence. 1 Elliott on Evidence, § 458; 83 Ark. 331; 72 *Id.* 314; 105 *Id.* 130; 89 *Id.* 591; 103 *Id.* 528.

*Kincannon & Kincannon,* for appellees.

1. The verdict is not excessive. The sale and loss were proven. 120 Ark. 119. Notice of the damage was given. 120 Ark. 119; 91 *Id.* 412; 98 *Id.* 353.

2. The account of sales was properly admitted. 113 Ark. 417; 115 *Id.* 538. The only question here is one of fact, and the verdict is conclusive. 113 Ark. 471; 174 S. W. 547. 1189.

## STATEMENT BY THE COURT.

The complaint alleged substantially that the plaintiffs, appellees here, sold 2,000 pounds of garlic to John Bonura & Co. of New Orleans, La., for ten cents per pound on the condition that the vendee should inspect the garlic when it reached New Orleans and that it should be in good merchantable condition. On the 10th of August, 1914, plaintiffs delivered 25 sacks, containing 2,000 pounds, of garlic to the defendant, Chicago, Rock Island & Pacific Railway Company, appellant here, for shipment. The garlic was consigned to shipper's order with directions to notify John Bonura & Co. The defendant shipped the garlic over its line to Memphis, and thence over the Illinois Central to New Orleans. It was alleged that the defendant negligently and carelessly failed to place the garlic properly in the car and as a result the garlic, when it reached New Orleans, was so damaged that it was unmerchantable, which fact was known by the defendant's delivering carrier at New Orleans; that John Bonura & Co., on account of the damaged condition of the garlic, refused to accept the same and pay plaintiffs the purchase price; that thereupon plaintiffs were compelled to dispose of the garlic at such price as they could obtain, which they did, and received therefor $50.34; that plaintiffs were therefore damaged by the defendant's negligence in the sum of $149.66, for which they prayed judgment.

The defendant denied specifically each of the allegations of the complaint.

That the sale was made by the plaintiffs, and the shipment made over defendant's line, and the damage caused as alleged in the plaintiff's complaint is established by their testimony, and is not disputed by the testimony on the part of the defendant.

The only grounds urged for reversal of the judgment are that the court erred in its ruling in the admis-

sion of certain testimony, and that the verdict is excessive.

When the garlic reached New Orleans, Bonura & Co. refused to accept the same, whereupon the delivering carrier notified the shippers, who advised the carrier to deliver the garlic to the Foto Commission Company of New Orleans, which company sold the garlic for $74.82, as shown by the account sales as follows:

| | |
|---|---:|
| 21½ sacks garlic 1147 at 6c | $68.82 |
| 8 hpr. loose garlic at 75c | 6.00 |
| | $74.82 |
| 3½ sacks lost in screening $16.80 | |
| Freight charges .20 | |
| Drayage, storage, commission 7.48 | |
| $24.48 | $24.48 |
| Net proceeds | $50.34 |

A witness who was the secretary-treasurer and the general manager of the commission company, testified that the above was the original account of sales which his company rendered to the plaintiffs immediately after the sale was made.

The record shows that "defendant objects to account sales being introduced," but the record does not show any exceptions to the ruling of the court.

One of the plaintiffs, over the objections and exceptions of the defendant, testified that he received from the Foto Commission Company $50.34 for the garlic, which witness explained was the amount the commission company sold the garlic for, less the expenses, consisting of freight charges and commissions incurred by the commission company in handling the garlic for plaintiffs.

The defendant asked a peremptory instruction, which the court refused, and to which ruling proper exceptions were saved.

The jury returned a verdict in favor of the plain-tiffs for the sum of $149.66, for which judgment was entered, and the cause is here on appeal from that judgment.

Wood, J., (after stating the facts).   (1)   The court did not err in refusing appellant's prayer for a peremptory instruction.   The undisputed evidence shows that the sale of the garlic was made at the stipulated price of $200; that same was shipped in good condition over the appellant's railway, and that when it arrived at New Orleans it was in a damaged condition, and that on account of such condition the vendee refused to accept and pay for the same.

The above testimony was sufficient to warrant the court in submitting to the jury the issue as to whether or not the appellees were entitled to damages on account of the negligence of appellant as charged in appellee's complaint.

(2)   Although the appellant objected to the introduction in evidence of the account of sales, it did not except to the ruling of the court in overruling its objection and in allowing the account of sales to be introduced in evidence.   This court, in several cases, has sanctioned the following rule of practice:   ''If errors, or supposed errors, of any kind are committed by a court in its ruling during the trial of a case by a jury, the appellate court can not review these rulings of the court unless two conditions concur:   First, these rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved, and the bill of exceptions taken during the term; and, secondly, a new trial must also have been asked and overruled, and objected to, and this noted on the record.''   *Dunnington* v. *Frick Company*, 60 Ark. 250.   See also *Meisenheimer* v. *State*, 73 Ark. 407; *Mo. & North Ark. Ry. Co.* v. *Bratton*, 85 Ark. 326. 330; *Plumlee* v. *St. Louis Southwestern Ry. Co.*, 85 Ark. 488; *Cammack* v. *Southwestern Fire Ins.*

*Co.,* 88 Ark. 505; *American Ins. Co.* v. *Haynie,* 91 Ark. 43, 47; *Halley* v. *State,* 108 Ark. 224, 226.

(3-4)   The testimony would be competent, any way, for the original account sales of a commission merchant with his customer is admissible in evidence.   The testimony here shows that the three requisites to the admission of such evidence were shown.   The witness testified that he was the secretary and that the account sales was the original, and rendered immediately after the sale was made.   See Elliott on Evidence, § § 455, 458.   The testimony as to this sale, made by a regular commission merchant in due course of business, tending to show that appellees received as net proceeds from such sale only $50.34, was evidence, which, taken in connection with the other testimony on behalf of appellees, tended to prove that appellees, on account of the negligence of appellant in failing to deliver the garlic in good condition, were damaged in the amount of the verdict.   For the jury might have found from the testimony in the record that if the garlic had been delivered in good condition the vendee would have accepted and paid for same.   Thus, the measure of appellee's damage is the difference between what they would have received under the contract of sale and what they actually did receive by reason of the sale of the goods in their damaged condition through their commission merchant.

There are no errors in the record and the judgment is therefore affirmed.