HERDISON v. STATE.

## Opinion delivered October 20, 1924.

1. CRIMINAL LAW—CONSOLIDATION OF CASES—HARMLESS ERROR.— Consolidation of criminal prosecutions is not ground for reversal where no objection thereto was made, and no prejudice resulted therefrom.

2. CRIMINAL LAW—SUFFICIENCY OF ASSIGNMENT OF ERROR.— An assignment in a motion for new trial that the evidence is insufficient to support the verdict raises the question of the sufficiency of proof of the venue.

3. CRIMINAL LAW—PROOF OF VENUE.—Venue may be proved by circumstances as well as by direct testimony.

4. CRIMINAL LAW—SUFFICIENCY OF PROOF OF VENUE.—Circumstantial evidence *held* sufficient to establish venue.

5. CRIMINAL LAW—JUDICIAL NOTICE OF GEOGRAPHICAL FACTS.— Courts will take judicial notice of location of county lines and of towns.

6. INTOXICATING LIQUORS—TRANSPORTATION.—Evidence *held* to sustain conviction of transporting intoxicating liquors.

7. OBSTRUCTING JUSTICE—RESISTING OFFICER.—Since a justice of the peace has no authority to make an arrest, the act of one in resisting an attempted arrest by a justice of the peace does not constitute the offense of resisting an officer.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum*, Judge; reversed as to resisting an officer, affirmed in all other respects.

*I. S. Simmons*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

McCULLOCH, C. J. The three appellants, Herdison, Ladd and Butler, were arrested and, on a trial before a justice of the peace of Sebastian County, were each convicted of the offense of transporting intoxicating liquor, and appellant Herdison was also convicted of the offense of resisting an officer. There was an appeal prosecuted to the circuit court from each of the judgments of conviction, where all of the cases were tried together, and the trial resulted in a verdict of guilty in each case.

In the first place, it is insisted that the judgment against appellant Herdison should be reversed because

the case was improperly consolidated with and tried with the other cases. The record is silent as to any order of court consolidating the cases, and merely recites that all of the parties in the cases appeared and announced ready for trial. Appellants concede in their brief that all of the cases involving the transportation of liquor were joined by consent, but insist that there was no joinder with the other cases of the case against Herdison for resisting an officer. The record does not show that appellant Herdison made any objection to the consolidation of his case with the others, and, as no prejudice resulted from the consolidation, he is in no attitude to urge that as grounds for reversal of the judgment. *Silvie* v. *State,* 117 Ark. 108.

It is next insisted that the venue was not proved. The Attorney General answers this contention by the suggestion that this question was not raised in the motion for a new trial, but there is an assignment in the motion that the evidence is insufficient to support the verdict, and that raises the question properly of the sufficiency of the proof of venue. It is true that there is no direct testimony as to venue, but this, like any other essential fact in the case, may be proved inferentially by circumstances as well as by direct testimony. *Forehand* v. *State,* 53 Ark. 46; *Scott* v. *State,* 75 Ark. 142; *Bell* v. *State,* 93 Ark. 600. The State's witness who testified directly concerning the commission of the offenses by appellants stated that he was a justice of the peace of Sebastian County, and lived at Central City, and that he saw appellant with the whiskey near his (witness') house. Courts will take judicial knowledge of the location of county lines, and also the location of towns. Central City is situated on a railroad which traverses the Greenwood District of Sebastian County, and is several miles distant from the county line. It therefore sufficiently appears from the testimony, inferentially at least, that the offenses of which appellants were convicted occurred in the Greenwood District of Sebastian County.

The legal sufficiency of the evidence is challenged, but we are of the opinion that the evidence is sufficient to sustain the conviction for the offense of transporting liquor, charged against each of the appellants.

The State's witness, H. H. Times, testified that, on a certain day, he was standing in the front yard of his home at Central City, and saw two automobiles coming down the road, appellant Herdison being the driver of the front car, and the other two appellants being in the rear car, the two cars being close together. He testified that both cars stopped by the side of the road, and that all of the three appellants got out and went over into a field; that Herdison, after taking a few steps away from the car, came back to the car and got something out of it that resembled fruit jars, and that all of the parties then went over into the field, and, after staying there a short time, came out and got into the cars and drove away. He testified that, after the party left, he went over into the field where he had seen the appellants go, and found two fruit jars full of "choc" beer lying in the weeds, and that he then went into town, looking for an officer to make an arrest, and, finding none, he returned home, and, later in the day, he saw the same cars, occupied by the three appellants, drive up and stop, and that the three appellants again went over into the field where the fruit jars had been left. He testified that he then went over into the field and found appellants squatting down by the fruit jars, the lid of one of the jars having been removed, and that the jar was about half full of beer, the other jar being empty; that he asked appellants what they had there, and that one of them replied that they had been caught red-handed, and asked what the fine would be; that, as witness reached down and picked up the jar that contained the beer, appellant Herdison knocked it out of his hand, and the jar fell on the ground and the contents were spilled. The witness testified that he knew the character of the liquid by the odor, and that it was intoxicating. He said that he ordered the appellants to submit to arrest, and that Herdison began cursing him, and declared that he would

not submit to arrest, and that he struck the witness, and refused to submit to arrest.

The contention is that this evidence is not legally sufficient to show that the liquor was intoxicating or that it was being transported from one place to another. The testimony of witness Times is positive to the effect that the liquor was intoxicating, and we are also of the opinion that it is sufficient to show that the parties were transporting the liquor from one place to another. Whatever may have been the intention of the parties with respect to the disposition of the liquor, it is certain that, when they stopped the car, they transported it from the car over into the field, which was sufficient to constitute the offense under the statute. *Allen* v. *State,* 159 Ark. 663; *Fly* v. *Fort Smith,* 165 Ark. 392.

We are of the opinion, however, that the evidence in the case does not establish facts which constitute resisting an officer within the meaning of the statute. Crawford & Moses' Digest, § 2585 *et seq.* The Constitution (art. 7, § 40) provides that justices of the peace shall be "conservators of the peace within their respective counties," and it seems that at common law such officers were clothed with authority either to make arrests themselves of persons committing offenses in their presence, or to "verbally command any person to take them in custody." 1 Chitty's Cr. Law, 25. However, the statutes of this State defining the authority of conservators of the peace with respect to making arrests read as follows:

"Section 2906. A magistrate or any judge may orally order a peace officer or private person to arrest any one committing a public offense in the magistrate's or judge's presence, which order shall authorize the arrest." Crawford & Moses' Digest.

We perceive no reason why the Legislature cannot define the duties of such officers, and this statute operates as a definition of such duties and powers, and is exclusive. It follows therefore that a justice of the peace has no authority to make arrests himself, but may order others,

either peace officers or private persons, to make arrests for offenses committed in his presence. There was no attempt to show that the arrest said to have been resisted was being made by any one clothed with authority to make the arrest. Appellant Herdison may be guilty of the offense of assault and battery, but not of the offense with which he is charged. The case was properly sent to the jury as to the offense of transporting liquor.

There are assignments of error with respect to the court's charge, but these assignments are all without any foundation. Instruction No. 4, requested by appellant, and for the refusal of which error is assigned, was, we think, argumentative in form, and properly refused.

The judgment against each of the appellants for transporting liquor is affirmed, but the judgment against Herdison for resisting an officer is reversed, and the cause is dismissed.