## HUDSON *v.* STATE.

4214                                        151 S. W. 2d 983

Opinion delivered June 2, 1941.

*H. S. Grant,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant and one L. B. Miller were charged in count 1 of one information with the crime of forgery by forging the name of Bruce Burton to a check

drawn on the First National Bank of Newport for $18.75, and in the second count with uttering said check on P. K. Holmes, Jr. They were likewise charged in a second information of forging the name of Bruce Burton to another check on the same bank for $30.75, and uttering same on Economy Store. Miller entered a plea of guilty. Appellant was tried, both cases having been consolidated for trial, was found guilty on the second count of the second information only and sentenced to two years in the penitentiary.

Appellant says the evidence failed to show that there was a Bruce Burton, except that D. H. Burton had gone by that name. It was definitely shown that D. H. Burton was a well known person in Jackson county and was frequently called and known as Bruce Burton. He carried an account in said bank in the name of D. H. Burton. It is undisputed that both checks were forgeries, and it is undisputed that D. H. and Bruce Burton are one and the same person. The forger spelled Burton's name with two t's, but this fact can avail appellant nothing. He was not convicted of forgery, but of uttering.

Appellant's principal and only other argument for a reversal of the judgment is that he should not have been forced to go to trial on both informations, charging two different forgeries and utterings. A sufficient answer is that he made no objection to the consolidation and trial of the charges together, until the case was ready to go to the jury. The record recites the objection then made as follows: ''After the evidence was in and the argument of counsel for both parties was had and after the jury had been instructed as above the defendant requests the court to treat the cases as severed and try the defendant only on the one case and not on the two cases at the same time, which request was by the court refused and to which refusal of the court the defendant at the time excepted and asked that his exceptions be noted of record which is accordingly done.''

This objection came too late, even though it might have been availing, if made in apt time. *Silvie* v. *State*, 117 Ark. 108, 173 S. W. 857; *Herdison* v. *State*, 166 Ark.

33, 265 S. W. 84. No prejudice is shown to have resulted from a consolidation. He was acquitted on one information and on one count of another, when the evidence was sufficient to have supported a conviction on both counts of both informations.

Affirmed.