ATHA *v.* STATE.

4565                                    223 S. W. 2d 188

Opinion delivered October 3, 1949.

*John Owens* and *Geo. E. Steel,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

FRANK G. SMITH, J.   Two indictments for misdemeanors were returned against appellant for the illegal sale of intoxicating liquors.   In one, No. 363, the illegal sale was alleged to have been made to one J. R. Hudson, and in the other indictment No. 365, the sale was alleged to have been made to one Harry Golden.   He was tried upon both indictments at the same time.   He was found guilty by the jury of making a sale to Hudson and not guilty of making the alleged sale to Golden, and he has prosecuted this appeal to reverse the judgment rendered on the verdict finding him guilty.   For the reversal of this judgment appellant alleges the insufficiency of the testimony to support it, and that it was error to put him on trial on both indictments at the same time.

As to the sufficiency of the testimony, it may be said that a discriminating verdict was returned. There was not sufficient testimony to support a finding that a sale had been made to Golden and appellant was acquitted on that charge, but there was positive testimony, although disputed, of a sale to Hudson.

As to the consolidation of the cases, it may be said that under Initiated Act No. 3 of 1936, § 20, Par. 5, appearing as § 43-1010, Ark. Stats. (1947) these sales might have been charged in a single indictment without appellant's consent. It was not error therefore to do subsequently what might have been done originally. This is especially true here as the record, which is somewhat ambiguous, but is no doubt as definite as appellant wished it to be, appears to reflect the fact that while appellant did not consent to the consolidation, that order was made without objection. Halley v. State, 108 Ark. 224, 158 S. W. 121; Silvie v. State, 117 Ark. 108, 173 S. W. 857; Drifoos v. State, 117 Ark. 491, 175 S. W. 1169; Davis v. State, 118 Ark. 31, 175 S. W. 1168.

Finding no error the judgment is affirmed.